(140 App. Div. 350.)

BLOOMINGDALE et al. v. RICHARDSON.

(Supreme Court, Appellate Division, First Department.   November 4, 1910.)

1. EXECUTION (§ 19*)—WAGES—CONDITION OF ISSUANCE—VACATION.
    Under Code Civ. Proc. § 1391, permitting issuance of execution against wages, under certain circumstances, where no such an execution is "unsatisfied and outstanding" against the judgment debtor, the fact is a condition precedent to the issuance, so that one issued when another was outstanding unsatisfied will be vacated.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 19.*]

2. EXECUTION (§ 19*)—IRREGULARITY IN ISSUANCE—WAIVER.
    One cannot be said to have acquiesced in the irregularity of an execution being issued against his wages when another such execution against him was unsatisfied and outstanding, in violation of Code Civ. Proc. § 1391, so as to have waived the right to have it set aside, where nothing indicates he knew of such irregularity, though he knew that deductions were being made from his wages in behalf of the judgment on which the execution issued.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 19.*]

3. EXECUTION (§ 19*)—IRREGULARITY IN ISSUANCE—LIABILITY FOR MONEY PAID.
    Though an execution against wages was unauthorized under Code Civ. Proc. § 1391, because issued while another such execution against the judgment debtor was outstanding and unsatisfied, yet it, appearing to be regular on its face, would protect the master against any claim for refund of money actually paid over under it to the judgment creditor prior to motion to vacate it.
    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 19.*]

Appeal from Special Term, New York County.

Action by Samuel J. Bloomingdale and others, copartners doing business as Blomingdale Bros., against William Richardson.  From an order denying a motion to vacate an execution, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MIL-LER, and DOWLING, JJ.

Allen Caruthers, for appellant.
Samuel H. Sternberg, for respondents.

SCOTT, J.   This is. an appeal from an order denying a motion to vacate an execution issued by order of the court under section 1391, Code Civ. Proc., which permits such an execution to be issued under certain circumstances against the wages, debts, earnings, salary, income from trust funds, or profits due and owing, or to become due and owing, to the judgment debtor.

The appellant is a fireman in the service of the city of New York. Plaintiff's order for the special execution was made on February 8,

1909, and filed with the city paymaster on February 10, 1909. There was then outstanding and unsatisfied a similar execution in favor of one Hecht. A similar execution had been authorized, by order, on December 17, 1908; but the execution thereon was not filed with the city paymaster until February 17, 1909, after plaintiff's execution had been so filed. The city paymaster, having deducted from appellant's monthly salary enough to satisfy the Hecht execution, began in July, 1909, to withhold from said salary the monthly sum provided by the order to be deducted to satisfy plaintiffs' judgment.

The section of the Code of Civil Procedure above referred to is the sole authority for the issuance of an execution payable out of wages or salary to be earned, and, to be availed of, must be strictly followed. It provides that such an execution can be issued only where no other execution provided for by the section is "unsatisfied and outstanding." This is a condition precedent to the issue of such an execution (Rosenstock v. City of New York, 97 App. Div. 341, 89 N. Y. Supp. 948), and an execution issued in defiance thereof is voidable. There is no authority for the practice, which seems to have been followed in this case, of issuing a number of such executions while there is already one outstanding and unsatisfied, and filing them with the city paymaster to be satisfied in order.

An attorney who applies for an order authorizing the issuance of such an execution must ascertain whether there is then another such execution unsatisfied and outstanding, at the peril of having his execution vacated if it should be issued contrary to the provisions of the statute. The plaintiffs' execution was so issued, and for that reason should be avoided.

The Special Term, while recognizing the invalidity of the execution, denied appellant's motion to vacate it upon the ground that appellant had so long acquiesced in the deductions from the salary which had been made under it that he must be deemed to have waived the irregularity. It is true that we may assume that he knew that deductions were made from his monthly salary, and perhaps that he knew that they were made in behalf of plaintiffs' judgment; but there is nothing to indicate that he knew that plaintiffs' execution was unlawfully issued, and if he did not know that he cannot be said to have acquiesced in the irregularity. The execution was unauthorized, and the order permitting the issuance must be vacated, although, of course, as it appeared to be regular upon its face, the city paymaster and the city of New York will be protected by it against any claim for a refund of moneys deducted under it and actually paid over to plaintiffs.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the order of February 18, 1909, granted, with $10 costs. All concur.

125 N.Y.S.—21