In re ROYAL BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

EXECUTION (§ 19*)—IRREGULAR ISSUANCE—RIGHT TO ATTACK.

    An execution against wages, unwarranted and voidable because issued when another such execution was outstanding and unsatisfied, in violation of Code Civ. Proc. § 1391, may be attacked by a junior judgment creditor, moving to have his execution given priority over it.

    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 19.*]

Appeal from Special Term, New York County.

In the matter of the application of the Royal Bank of New York, judgment creditor of Simon G. Garrison, for an order establishing the priority of its lien under Code Civ. Proc. § 1391, under its execution against the wages and salary of said Garrison from the city of New York. From an order denying its motion, said bank appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Gates Hamburger, for appellant.

Andrew J. Ewald, for respondent.

PER CURIAM. This is an appeal from an order denying a motion by the Royal Bank of New York, a judgment creditor of one Simon G. Garrison, an employé of the city of New York, to establish the priority of an execution issued in behalf of said appellant against the wages or salary of said Garrison over a similar execution issued in behalf of another judgment creditor named Crowell. In effect the motion was to vacate the execution issued in behalf of said Crowell.

Both executions must find their justification, if any, in the provisions of section 1391, Code Civ. Proc. The execution in favor of Crowell was issued March 2, 1910, while another similar execution in favor of one M. H. Vogel was outstanding and unsatisfied. For the reasons stated in Bloomingdale v. Richardson (decided herewith) 125 N. Y. Supp. 320, the execution in favor of Crowell was unwarranted and voidable.

It is urged that the objection, while it would have been good if taken by the judgment debtor, cannot be availed of by a junior judgment creditor. This contention is untenable. The appellant is interested in collecting his judgment as promptly as possible, for if he be delayed his execution may become valueless. Crowell having undertaken to issue his execution contrary to the provisions of the statute, it cannot be upheld against any one having an interest in attacking it.

The order appealed from must be reversed, with $10 costs and disbursements against the respondent Crowell, and the motion granted, with $10 costs against said respondent.