# SUPREME COURT.

WILLIAM GRAHAM respondent, agt. WILLIAM M. SCRIPTURE
appellant.

As a condition precedent to a right of recovery by a party to a *judgment*, *leave to prosecute* the judgment must be obtained of the *court*. And without an *allegation* that such permission has been obtained, the complaint fails to show a *cause of action.*

*It seems* that the 71st section of the Code imports that *leave to prosecute*, should be obtained from the *court in which the judgment was rendered.* And perhaps a fair construction of the language of this section, would, in some cases, extend its application, so as to permit a motion for leave to prosecute, to be made to the *court which has control* of the judgment and execution.

An order for leave to prosecute a judgment obtained in the *late court of common pleas*, may be obtained from the *county court.*

*St. Lawrence General Term, March,* 1864.
ROSEKRANS, BOCKES and JAMES, Justices.

APPEAL from judgment rendered at special term, on demurrer to the complaint.

This action was brought upon a judgment alleged to have been recovered against the defendant, in the old court of common pleas of St. Lawrence county, in 1844. The action was brought pursuant to section 71 of the Code, which provides: "No action shall be brought upon a judgment rendered in any court of this state, without leave of the court, for good cause shown, on notice to the adverse party, &c." The complaint shows that the plaintiff obtained an order of the county court of St. Lawrence county, granting him leave to sue the judgment. The complaint does not show when the order was granted—or whether for good cause shown—or on notice to the defendant.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; substantially, that the plaintiff had not brought himself within section 71, for the reasons stated in the demurrer.

The demurrer was argued at the last June circuit in St. Lawrence county, and was overruled—no reasons were given. From that decision the defendant appeals to the general term.

MORRIS & VARY, *for appellant.*

I. The county court had no jurisdiction of the matter, and its order granting leave to sue the judgment was a nullity.

1st. If the words " the court," in section 71, refer to the court in which the action is to be brought, the county court was not intended,—for it has no jurisdiction in civil actions. This action could not have been brought in that court. (*sec.* 14, *Art.* 6, *Cons. of* 1846 ; *Code*, §§ 29, 30; *Kundolf* agt. *Thalheimer*, 2 *Kern.* 593.)

2d. But if the court intended, is the one in which the judgment was rendered, the county court had no jurisdiction, unless it is identical with the old common pleas. But there is no more identity between them than there is between the present court of appeals and the late court of errors.

The county court is not the successor of the late common pleas, or is it even a substitute. The county court has no jurisdiction in civil actions, while the common pleas had.

The county court was a new creation of the constitution of 1846, (*see Art.* 6, *sec.* 14, *et seq.*) whose jurisdiction limited in civil cases to special proceedings, was to be thereafter prescribed by the legislature ; then follows the judiciary act of 1847, defining its powers, &c. These again are modified by the Code ; section 29 provides that it shall have no other jurisdiction than that provided in section 30, and abolishes all other statutes conferring or defining its jurisdiction. Section 30 contains no provision conferring such power on the county court. That clause of sub. 11, which confers on the county court " all other

powers and jurisdiction," * * "if the late common pleas," does not extend the provisions of section 71 to the county court, unless the statutes in force before the Code, contained a provision in relation to the common pleas similar to that in section 71. But the only similar power given to the late common pleas, was to revive a judgment by *scire facias*, which has been abolished by the Code, section 428, and an action substituted therefor. (*Cameron* agt. *Young*, 6 *How. Pr.* 372; *Alden* agt. *Clark*, 11 *id.* 209; *Thurston* agt. *King*, 1 *Abb.* 126.)

3d. The question then recurs: In what court should the application to sue the judgment in this case have been made? We say in the supreme court, if any.

It has general jurisdiction in law and equity throughout the state. (*Sec.* 3, *Art.* 6 *of Cons. of* 1846.)

And the very point was decided by this court at the last October general term held in St. Lawrence county, in the case of *Gilson* agt. *Durkee.* In that case the plaintiff applied to the special term of this court, and obtained leave to sue a judgment recovered in the old common pleas of Clinton county. From that order the defendant appealed to the general term, on the ground that the motion should have been made in the county court of Clinton county. The court sustained the decision of the special term, holding that the county court had no jurisdiction, and that the motion was properly made in this court.

II. The question was properly raised by the demurrer to the complaint.

1st. The county court having no jurisdiction, its order granting leave to sue the judgment was void,—and being void it was not necessary for defendant to appeal from it. He could treat it as a nullity.

The plaintiff therefore brought this action without leave of the court, in the very teeth of section 71. He had no right to sue without leave—and if he had no right to sue, he had no cause of action, within the meaning of sub. 6,

of section 144 of Code.    It cannot be said that a complaint "states facts sufficient to constitute a cause of action," which does not show a present right of action.    (*White* agt. *Brown*, 14 *How. Pr.* 282.)

2d. On the argument of the demurrer at special term, the plaintiff took the ground that the defect in the complaint, if any, was matter of form not of substance; and it is understood the court took the same views of it in overruling the demurrer.    If redundant or irrelevant matter be inserted in a pleading, the proper remedy is by motion ; so when it is indefinite and uncertain.    But where it is wanting in a material allegation—one on which the very right of action or defence hinges—this does not go to the form but to the substance of the pleading, and the remedy is by demurrer.    (*The People* agt. *Ryder*, 2 *Kern.* 439-40, 442.),  In this case, Justice MARVIN at pages 439-40 says :

" The complaint is to contain a statement of facts constituting a cause of action."    *    *    " If the time when a fact happened, is material to constitute a cause of action, it should undoubtedly be stated ; the fact without the time would be insufficient to constitute the cause of action."    *    *    " Suppose the plaintiff alleges that he gave notice to the indorser of the dishonor of the note, but omitted to state when such notice was given, here the time is material ; the fact will not constitute or aid in constituting a cause of action, unless it occurred at a certain time," &c.    In this same case, Justice JOHNSON, at page 444, considers that section 160 of Code provides the remedy by motion, when the pleading is defective in form, but that the office of the demurrer, under sub. 6, of section 144, is to determine the right of the party to recover, free from all questions of form.    See also a strong authority on this point, in the case of *Thatcher* agt. *Morris*, (1 *Kern.* 437.)    In that case the complaint omitted to state where the contract (the sale

of lottery tickets) was made. Held on demurrer, to be a fatal defect.

Suppose the complaint had not shown any order granting leave to sue (and showing one merely from the county court is the same thing), but had simply alleged the recovery of the judgment; that it remained unpaid, and still belonged to the plaintiff, which is in fact the substance of the complaint in this case, would that have shown facts constituting a cause of action within sub. 6, of section 144? Clearly not. It would simply have shown good cause for applying to the court for leave to sue. The language of section 71 is "no action shall be brought," * * "without leave," &c. Leave of the court, therefore, is a material fact to be alleged and proved—it cannot be presumed.

III. The decision of the special term directing judgment final upon the demurrer, was erroneous.

If the defendant mistook his remedy in interposing the demurrer, he should have been allowed to answer over on terms. He has a right to take issue on the validity of the plaintiff's claim, and its payment.

MYERS & MAGONE, *for respondent.*

It was not necessary to aver in the complaint that leave had been obtained to sue the judgment, as provided in section 71 of the Code. Section 142 of the Code provides that the complaint should contain, first, the title of the action; second, a plain and concise statement of the facts constituting the cause of action; third, a demand for the relief to which the plaintiff supposes himself entitled. The complaint in this action contains all these.

It cannot avail the defendant, even though the county court had no authority to grant leave to sue the judgment. That objection can only be taken by answer, or rather on motion to set aside the summons and complaint.

Section 144 of the Code points out the several grounds

of demurrer, only the sixth of which is assigned in this action.

It is provided by sections 28 and 29, chap. 280, vol. 1, session laws of 1847, over what subjects the county court shall have jurisdiction, and among those subjects is the right to try and determine according to law, suits and proceedings by *scire facias* to revive any judgment in said court, or that shall have been rendered in the present court of common pleas of said county, or to have execution of said judgment, or to revive any suit in said county court. In *Lyon* agt. *Manly*, (18 *How.* 267,) this question was raised by answer, the action having originated in a justice's court, and the general term decided that leave of the county court should have been first obtained, and reversed the justice's judgment on that ground.

By the court, BOCKES, Justice. The action is on a judgment rendered by the court of common pleas in 1844. The complaint alleges the recovery of the judgment, and that the same has not been paid; and further, that the county court of St. Lawrence county granted leave to the plaintiff to sue the judgment. The defendant demurred to the complaint, assigning as cause of demurrer that it did not state facts sufficient to constitute a cause of action.

The point of demurrer is, that the county court had no authority to grant the order giving permission to the plaintiff to bring the action on the judgment, and that such order is void.

The first question presented is, whether, in an action on judgment, it is necessary to aver that leave to prosecute the action had been obtained.

Section 71 of the Code of Procedure declares that no action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, between the same parties, without leave of the court for good cause shown on notice, &c. This section was intro-

duced to prevent a practice sometimes resorted to, conducive to no good end, and generally vexatious and oppressive.    It takes away no right of value to the creditor, while it protects the debtor from unnecessary, harassing and burdensome proceedings.    Under this provision, leave to prosecute is a condition precedent to the right of action on the judgment.    Hence, according to rules of pleading, such permission should be averred, or the complaint fails to show a cause of action.    A cause of action is synonymous with right of action—a right of recovery, and a complaint which does not show a right of recovery, fails to show a cause of action.    The complaint should state facts sufficient, if admitted or proved, to authorize a recovery of judgment.    But the holding of a judgment against a party merely, does not, since section 71 of the Code was adopted, give a right of recovery on it.    As a condition precedent to a right of recovery thereon by a party to a judgment, leave to prosecute must be obtained of the court.    Without an allegation that such permission has been obtained, the complaint fails to show a cause of action.

The next question is, from what court must the leave to prosecute be obtained?    If the judgment be in the supreme court, no doubt · can exist.    Leave must of course be obtained of that court.    That court alone has control of the judgment, and no motion could be made in the action in any other.    So it seems to me the plain import of section 71 is, that leave to prosecute should be obtained from the court in which the judgment was rendered.    The language of the section is: " No action shall be brought upon a judgment rendered in any court of this state, without leave of *the court* for good cause shown, on notice to the adverse party."

The court here mentioned is evidently the one last alluded to, which is the court in which the judgment was rendered.

There is obvious propriety in this construction, inasmuch

as every court should control its own practice according to law, even to the manner of enforcing its judgment.

A fair construction of the language of section 71, would, in some cases extend its operation, so as to permit a motion for leave to prosecute to be made to the court which has control of the judgment and excecution; and in such case leave would be well obtained from the court having control of the execution, although the judgment was originally rendered in another court.

In *Lyon* agt. *Manly*, (18 *How.* 267,) the judgment was recovered before a justice of the peace, and docketed in the county court. It was held that an action could not lie on it without leave of the county court to bring the suit.

On filing the transcript and docketing the judgment, it became the judgment of the county court. (*Code, sec. 63.*) So it was adjudged in the case cited, that leave to prosecute should be obtained from the court having control of the judgment.

In the case at bar the judgment was *recovered* in the late court of common pleas of the county of St. Lawrence.

If this is to be deemed a judgment of the county court, or if the county court has control of the judgment as regards its enforcement, then the case of *Lyon* agt. *Manly* is in point.

On examining and collecting the several enactments relating to county courts and their jurisdiction and powers, it seems very evident that it was intended that the powers of the county court should be exercised whenever necessary to aid in the enforcement of judgments rendered in the late court of common pleas. In effect, judgments of the court of common pleas became the judgments of the county court; executions on such judgments issued from the county courts. (*Section* 55, *judiciary act* 1847- *See also sections* 30 *and* 56 *of the same act* ; *also Code, section* 30, *particularly sub.* 11.) A motion for liberty to issue execution on such judgments when necessary, or to set aside an exe-

cution improperly issued thereon, or for a perpetual stay of execution, would properly be made in the county court. So it would seem to follow that the order for leave to prosecute a judgment rendered in the late court of common pleas should be obtained from the county court.

It is not necessary to decide that in all cases the order must be obtained from the court having control of the judgment on which suit is desired to be instituted.

Perhaps there may be cases when it would be appropriate and necessary to the attainment of justice, to obtain leave to prosecute from the court in which the action on the judgment is brought.

We mean here to decide only that in this case we deem the order granted by the county court giving leave to prosecute the judgment, well obtained. And we also deem the averment sufficient in substance. If at all defective, it is by reason of not being sufficiently specific. This defect, if indeed there be any, should be corrected by motion.

The order and judgment appealed from should be affirmed with costs.