ROSENSTOCK et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. EXECUTION—WAGES—STATUTE—CONSTRUCTION.

Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, providing that where a judgment is recovered wholly for necessaries, and the debtor receives to exceed $20 per week, if the original execution has been returned unsatisfied, and no other similar execution is unsatisfied and outstanding, then the creditor may have execution against the wages of the debtor, and if the employer refuses on presentation of the execution to pay the statutory percentage, the judgment creditor may have his action for such refusal, is a new remedy which is purely statutory; and a complaint in an action thereunder which fails to allege the nonexistence of a prior unsatisfied and outstanding execution of the same kind is insufficient.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Meyer Rosenstock and another against the city of New York for refusal to honor an execution against the wages of an employé. Judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward Lazansky (Joseph J. Corn, on the brief), for appellants.
Edward H. Wilson, for respondent.

HOOKER, J.   A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action was sustained, and the plaintiffs appeal.   The complaint substantially alleges that in the month of March, 1904, the plaintiffs recovered a judgment against one McNamara wholly for necessaries sold by them to him, consisting of clothing and uniforms for his use as a police officer of the city of New York; that a transcript of the judgment was filed and the judgment docketed in the office of the clerk of Kings county, and that an execution thereafter issued against the real and personal property of the said McNamara out of the Supreme Court was returned wholly unsatisfied and wholly unpaid; that McNamara was a police officer of the defendant, and had an annual salary of $1,400 from the city of New York, payable in equal monthly installments at the end of each month at a rate which exceeds in amount $20 per week; that on the 31st day of March, 1904, there became due and payable from the defendant to McNamara as such officer the sum of $116.66, and a like sum at the end of each month thereafter as long as he continued in such service; that on March 30, 1904, the plaintiffs procured from the Municipal Court an order directing execution to issue out of said court against the wages, debts, earnings, and salary of said McNamara in accordance with the provisions of section 1391 of the Code of Civil Procedure, as amended by chapter 461, p. 1071, of the Laws of 1903.   Pursuant to that order an execution was issued out of the Municipal Court to any marshal of the city of New York against the wages, earnings, and salary of McNamara that might thereafter become due or owing to him from the defendant herein, pursuant to the provisions of said section of the Code, and which further provided that the execution and levy to be made thereunder should become a continuing lien upon said wages, earnings, and salary to become due to McNamara to an amount equal to 10 per centum of said wages, earnings, and salary; that thereafter, and on the same day, the execution was presented to the city of New York by one of the city marshals; that on the day following there became due to McNamara as wages, earnings, and salary from the defendant the sum of $116.66, 10 per centum of which is $11.66; that the defendant has failed to pay that sum; that the usual notice of claim was filed with the comptroller for adjustment; that he has neglected and refused to make an adjustment or payment thereof; and that more than 30 days have elapsed since such presentment, and judgment is demanded for the sum of $11.66, with interest thereon from March 30, 1904.

It is to be observed that the plaintiffs base their entire cause of action upon the rights given under the provisions of section 1391 of the Code of Civil Procedure.   So much of that section, amended by chapter 461, p. 1071, of the Laws of 1903, as is important here, reads as follows:

"Where a judgment has been recovered wholly for necessaries sold, or work performed in a family as a domestic, or for services rendered for salary owing to an employé of the judgment debtor, and where an execution issued upon said judgment has been returned wholly or partly unsatisfied and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him,

to an amount exceeding twenty dollars per week and where no execution is-sued as hereafter provided in this section is unsatisfied and outstanding against said judgment debtor, the judgment creditor may apply to the court in which said judgment was recovered and upon satisfactory proof of such facts by affidavit or otherwise, the court if a court not of record, a judge or justice thereof, must issue, or if a court of record, a judge or justice, must grant an order directing that an execution issue against the wages, debt, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, in-come from trust funds or profits are due and owing, or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided. It shall be the duty of any person or corporation to whom said execution shall be pre-sented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebted-ness as such execution shall prescribe until said execution shall be wholly satisfied and such payment shall be a bar to any action therefor by any such judgment debtor. If such person or corporation to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied towards the payment of said execution."

Particular attention should be directed in the discussion of this ap-peal to the language of the section, which points out the facts required to be shown that an execution against the wages, debts, earnings, and salary may issue; the judgment creditor may cause the issuance of such an execution only "where no execution issued as hereafter provid-ed in this section is unsatisfied and outstanding against said judgment debtor." It is clear that a cause of action given to the judgment credit-or against a person who shall fail or refuse, upon such an execution be-ing presented to him, to pay over to the officer presenting the execution 10 per cent. of such indebtedness, does not lie where a prior execution of this character is outstanding and unsatisfied against the judgment debtor. It seems entirely plain from a reading of the section that the Legislature intended that by this heretofore unknown process a sum no greater than 10 per centum of the earnings of the judgment debtor should be taken toward the satisfaction of the judgment upon which the execution was issued, and to prevent the taking of a larger sum it is distinctly provided that such execution may not issue where there is another outstanding and unsatisfied. The complaint in this action is entirely silent as to whether or not any such similar executions were unsatisfied and outstanding, and fails to allege what proof, if any, on this subject was offered to the Municipal Court to procure the issuance of the execution. We are of the opinion that the demurrer to the complaint, wanting in allegations showing the nonexistence of such exe-cutions, was well taken. That no such process should be unsatisfied and outstanding against the judgment debtor is a condition precedent to the maintenance of this action against the debtor or employer of the judgment debtor. The right of action is purely statutory, and is a new

remedy. The Legislature has said to the judgment debtor that, if certain conditions exist, namely, if the judgment was recovered wholly for necessaries, if the debtor received an amount exceeding $20 per week, if the original execution has been returned wholly or partly unsatisfied, and if no other similar execution is unsatisfied and outstanding, then he may have an execution against the wages, debts, earnings, and salary; and if the employer or the judgment debtor refuses upon proper presentation of this execution to pay to the officer presenting it the statutory percentage, the judgment debtor may have his action for such refusal. The nonexistence of a prior unsatisfied and outstanding execution of this character is a condition precedent to the maintenance of the action, and the plaintiff is under the obligation of the rule that, when the statute gives a new remedy, and prescribes the requisite conditions, or if an action of a certain character or against certain parties be authorized only after the performance of similar conditions, performance of these conditions must be alleged in the complaint. It is not sufficient that the plaintiff merely allege the issuance of such an execution and the refusal of the person to whom it was directed to pay the statutory percentage to the officer presenting it. Were that sufficient, it would tend to enable creditors ex parte or through the inadvertence of the Municipal Court to procure the issuance of such executions and obtain vested rights of action in cases where the wages, earnings, and salary of the same judgment debtor was being applied to the payment of prior process of the same character.

Where one seeks to maintain an action under the statute, it is a sound and well-settled rule of pleading that he must state especially every fact requisite to enable the court to judge whether he has a cause of action under the statute. Bartlett v. Crozier, 17 Johns. 439, 8 Am. Dec. 428. This doctrine was stated and followed in Austin v. Goodrich, 49 N. Y. 266, which was an action to compel the determination of claims to real property under the provisions of section 449 of Voorhies' Code of Procedure of 1868. It was there determined that the complaint in such an action must allege that the plaintiff had been for three years in possession of the lands and tenements, and that both plaintiff and defendant claimed an estate therein in fee or for life or for a term of years not less than 10, these being the requirements of that section to allow the maintenance of such an action; and the court affirmed a judgment sustaining defendant's demurrer to the complaint where the only allegation as to defendant's claim was that he unjustly claimed title to the premises. Judge Folger, speaking for the Court of Appeals in Churchill v. Onderdonk, 59 N. Y. 134, 136, said:

"When the party initiates by action under the statute (2 Rev. St. [1st Ed.] p. 312, pt. 3, c. 5, tit. 2, § 1) proceedings to compel the determination of claims to real property, he must be careful to make the allegations of his complaint square with the requirements of the act;" citing the Austin Case.

The same rule, as applicable to different circumstances, has been the subject of consideration in many cases. It will serve our purppose to refer to those which treat of one or two classes of cases. The court determined in Porter v. Kingsbury, 5 Hun, 597, affirmed 71 N. Y. 588, that it should affirm a judgment sustaining a demurrer to a complaint on the ground that it failed to state a cause of action which failed to

allege the service of a notice of entry of judgment of affirmance upon the adverse parties 10 days previous to the commencement of an action brought upon an undertaking given in pursuance of section 348 of the Code of Procedure, commencement of such an action before the lapse of 10 days after notice being fatal to a recovery. At the time of the commencement of the action of Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792, the charter of the city of Buffalo (Laws 1870, p. 1179, c. 519, tit. 3, § 7) provided:

"No action or proceeding to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council."

The complaint, stating facts upon which the plaintiff sought to hold the city liable for tort, failed to allege the presentation of such a claim, and the Court of Appeals affirmed a judgment sustaining a demurrer to the complaint. The court, in its opinion, says:

"The general rules of pleading applying to such cases are elementary, and hardly need citations to illustrate them. It was said by Judge Denio in Howland v. Edmonds, 24 N. Y. 307: 'If the defendant's liability depends upon the performance of a condition precedent, it is very plain that no action will lie until it be performed; and a request or demand of the thing claimed may, and frequently does, constitute such a condition to the obligation of the defendant. When that is the case, such demand before suit brought must be averred and proved to enable the plaintiff to maintain the action.' The rule is also illustrated by the decision in Graham v. Scripture, 26 How. Prac. 501, where, in an action upon a judgment, which was prohibited by statute, except upon leave of the court first had, it was held that the allegation of such leave must be averred and proved by the plaintiff. It was held in Taylor v. Mayor, etc., 83 N. Y. 625, that a similar provision in the charter of New York constituted a condition to the maintenance of an action against the city, although in that case it was also held that it did not in terms apply to the use of a claim by way of set-off or recoupment in an action brought by the city against the claimant."

In Thrall v. Cuba Village, 88 App. Div. 410, 84 N. Y. Supp. 661, the Fourth department of this court has held the rule laid down by the Court of Appeals in the Reining Case applicable to a complaint framed under provisions of section 322 of the village law (Laws 1897, p. 453, c. 414) that—

" 'No action shall be maintained against the village for damages for a personal injury * * * alleged to have been sustained by reason of the negligence of the village * * * unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless' a written verified statement of the claim 'shall have been filed with the village clerk within six months after the cause of action shall have accrued; and then continues: 'An action on such a claim shall not be commenced until the expiration of thirty days after it is presented.' "

It was there determined that the provision that an action on such a claim could not be commenced until the expiration of thirty days constituted a condition precedent, compliance with which must be pleaded and proved, and a verdict in favor of plaintiff was reversed. The case in hand cannot be distinguished from those to which reference has been had, and the rule adopted in those decisions must govern here.

The judgment must therefore be affirmed, with costs. All concur.