KETCHUM v. ALEXANDER. (No. 7358.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. CORPORATIONS ☞121—CONTRACTS—ACTION FOR BREACH—COMPLAINT—TENDER.

A complaint in an action for damages for breach of a contract to repurchase stock sold plaintiff, alleging defendant's written agreement to repurchase the stock, at plaintiff's option, at the price at which it had been sold, that the plaintiff called upon defendant to repurchase it at that price, and that defendant refused to repurchase, that the stock remained in plaintiff's possession unsold, and that he had duly performed all conditions on his part, was defective for want of allegation that plaintiff, when he demanded a repurchase, tendered or offered to return the stock to the defendant.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 504, 505; Dec. Dig. ☞121.]

2. CONTRACTS ☞332—ACTION FOR BREACH—PLEADING—"CONDITION PRECEDENT."

Under Code Civ. Proc. § 533, providing that in pleading performance of a condition precedent in a contract it is not necessary to state the facts constituting a performance, but that the party may state generally that he duly performed all the conditions on his part, neither tender nor the defendant's attitude rendering unnecessary a tender of stock which he had agreed to repurchase, was such a "condition precedent," but were facts outside of the contract, which must be alleged and proved before a recovery of damages for breach of the contract could be had.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec. Dig. ☞332.

For other definitions, see Words and Phrases, First and Second Series, Condition Precedent.]

Appeal from Special Term, New York County.

Action by Everett P. Ketchum against John F. Alexander. From an order overruling a demurrer to the complaint, defendant appeals. Reversed, with leave to plaintiff to serve an amended complaint.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Merrill Bishop, of New York City, for appellant.
William B. Dressler, of New York City, for respondent,

McLAUGHLIN, J. Action to recover damages for the breach of three contracts to repurchase stock sold by defendant to plaintiff, each contract being set forth as a separate cause of action. The defendant demurred to each cause of action on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant appeals from the order.

The complaint alleges, in substance, for a first cause of action, and the others are similar, except as to dates and amount of stock, that on January 31, 1907, the plaintiff and defendant entered into an agreement in writing (copy of which is annexed to and made a part of the complaint) by the terms of which the defendant agreed, at the option of the plaintiff, on the 1st of May, 1908, to repurchase the stock from him at the price, including interest, at which the same had been sold; that on May 1, 1908, the stock remained in the hands of the plaintiff unsold, and he called upon defendant, pursuant to the terms of the agreement, to repurchase the same at the price agreed upon; that the defendant failed to comply with the demand for repurchase and to fulfill the terms of the agreement; that the stock is in plaintiff's possession and remains unsold; and that "the plaintiff has duly performed all conditions on his part to be performed."

[1] The defendant contends that the complaint is defective, inasmuch as there is no allegation in any of the causes of action attempted to be set forth, to the effect that the plaintiff, at the time he demanded a repurchase, tendered the stock to the defendant, or offered to return it to him. I think the contention is well founded. The rule is well settled that the vendor of personal property cannot put the vendee in default, and recover for a breach of contract, without tendering a delivery, and alleging that fact in the complaint, and proving it at the trial. British Aluminum Co. v. Trefts, 163 App. Div. 184, 148 N. Y. Supp. 144. To hold otherwise would be to permit the seller to recover, not only the purchase price, but to retain the property sold. Delaware Trust Co. v. Calm, 195 N. Y. 231, 88 N. E. 53. The action is at law, and before a recovery can be had it must appear that a tender was made, or the same rendered unnecessary because of the attitude of the defendant. This fact must be set out in the complaint, so that proof of it can be offered at the trial. There is no such allegation in any of the causes of action attempted to be set out in the complaint, and therefore each is defective.

[2] The learned justice at Special Term, as appears from his memorandum, was of the opinion that a tender could be inferred from the allegation that "plaintiff has duly performed all conditions on his part to be performed." This allegation in each instance is set out as a separate paragraph, and does not, in terms, refer to the contract. But, assuming that it does refer to it, it does not aid the plaintiff, notwithstanding the provisions of section 533 of the Code of Civil Procedure. One can invoke the aid of this section only in pleading the performance of conditions precedent specified in a contract. Neither tender nor the

attitude of the other party rendering a tender unnecessary is such a condition. They are facts outside of the contract, which must be alleged and proved before a recovery of damages can be had for the breach of a contract.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to serve an amended complaint on payment of the costs in this court and in the court below. All concur.