CLAUDE A. PRAGER, Respondent, *v.* J. S. SCHEFF & COMPANY, INC., Appellant.    Action No. 1.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Contracts — goods sold and delivered — acceptance — sales — when no title passes to buyer — evidence—Personal Property Law, §§ 128, 145.

> Under section 128 of the Personal Property Law a buyer cannot be deemed to have accepted goods until after a reasonable opportunity to examine them for the purpose of ascertaining whether they were in conformity with the contract of sale, and in the absence of acceptance no title to goods to be manufactured passes to the buyer.
>
> Under section 145 of the Personal Property Law the remedy of the seller, where the buyer within the time limit of the contract expressly refuses to receive the goods, is an action for damages for non-acceptance, not an action for the price.
>
> Where in an action to recover the price of less than one-sixth of the quantity of goods ordered it appears that the defendant within the time limit of the contract expressly refused to receive the goods and the plaintiff, on proving the contract and offering in evidence an admission in defendant's affirmative defense that plaintiff had delivered at the mill which manufactured the goods for plaintiff goods in a raw state amounting in the aggregate to a certain sum representing the goods for which the action was brought, rests, but it does not appear that the title to the manufactured goods had passed to defendant, proof is insufficient to establish a cause of action to recover the contract price.

APPEAL by defendant from judgment of the City Court of the city of New York, entered on verdict

directed for plaintiff, and from order denying motion for new trial.

Steinberg & Levin (Louis H. Levin, of counsel), for appellant.

Arthur W. Weil, for respondent.

GUY, J.   Action for goods sold and delivered under written contract dated September 10, 1918, by which plaintiff undertook to furnish defendant with 40,000 yards first quality raw poplin at $1.12½ per yard, " delivery at mill; Beginning October and continuing at the rate of six to eight per cent. weekly.   *   *   * Shipping instructions: Bill goods and hold. Terms: F. O. B. mill. Net ten days.   *   *   * All goods shall be deemed accepted and all claims under contract waived, unless goods are inspected and seller notified of claims in writing within 5 days after delivery. Partial deliveries, if retained by buyer 5 days, shall be paid for on above terms."

On September eighteenth plaintiff wrote defendant that he had received a communication from the mill agents that " owing to the strike, deliveries against this contract will be from 7 to 8 weeks late. Kindly advise us that this is satisfactory to you;" to which defendant replied: " We have made note of your remarks, and we shall expect delivery as you stated."

The mill referred to manufactured the poplin for plaintiff, and on receipt of an invoice from the mill for 1,362½ yards the plaintiff on November 29, 1918, sent an invoice to defendant for that quantity. While at the mill the merchandise was subject to plaintiff's instructions and orders and under his control, and he did not authorize the mill to allow anyone to inspect it there.

Appellate Term, First Department, June, 1919.     [Vol. 107.

On December second defendant wrote plaintiff: "We herewith return invoice of November 29th, $1,532.81 as we cannot receive these goods for the reason that you did not live up to the terms of your contract." The invoice referred to in defendant's letter was immediately sent back by plaintiff to defendant.

Plaintiff offered in evidence the following allegation from an affirmative defense set up in the answer: "That the plaintiff on November 28th, 1918, did cause to be delivered at the mill goods, wares and merchandise consisting of poplin, in the raw state, amounting in the aggregate to the sum of $1,532.81, which represented 1,362½ yards, at the contract price of $1.12½ per yard."

Upon the contract and the facts and admissions hereinbefore stated plaintiff rested; the court denied defendant's motion to dismiss and thereafter, defendant putting in no evidence, directed a verdict for plaintiff for the purchase price.

The proof was insufficient to establish a cause of action for the price of the goods. Section 144, subdivision 1, of the Personal Property Law provides that: "Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods." But here it does not appear that the property had passed to the defendant, for the goods were to be manufactured; in such case, as the title was not to vest until delivery, in the absence of acceptance no title passed to defendant, and it is immaterial why the buyer refused to take the goods or whether the reason assigned was a just one. Williston Sales, § 472. Assuming that there was no reason

for rejecting the goods the remedy of the plaintiff, under section 145 of the Personal Property Law, "Where the buyer wrongfully neglects or refuses to accept and pay for the goods " was " an action against him for damages for non-acceptance," not an action for the price.

The provision that " all goods shall be deemed accepted and all claims under contract waived, unless goods are inspected and seller notified of claims in writing within 5 days after delivery " does not help the plaintiff, for it evidently has no reference to the case, as here, where defendant within the five days expressly refused to receive the goods.

Respondent in his brief relies upon another portion of defendant's answer, not referred to during the trial, which alleges " that thereafter and within a reasonable time the defendant caused the said goods to be delivered by the mill to the defendant's place of business." But this is an extract from defendant's counterclaim founded on a breach of warranty, in which counterclaim it is alleged that plaintiff refused to permit an examination of the merchandise at the mill, that for that reason the goods were thereafter removed from the mill to defendant's place of business, that within a reasonable time thereafter on inspection and examination of the poplin it was found not to be of first-class quality, but " seconds " and defendant refused to accept the merchandise and notified the plaintiff thereof and that the goods were at the mill subject to the order of the plaintiff. The admission in the counterclaim as to delivery must be taken in connection with the context, and so considered it affords no support to the judgment. The buyer could not be deemed to have accepted the goods until it had a reasonable opportunity to examine them for the purpose of ascertaining whether they were in conformity with the con-

tract (Pers. Prop. Law, § 128) ; and it does not appear that the goods were not inspected and the seller notified as provided in the contract within five days of the delivery to defendant under the circumstances stated in the counterclaim.

There is a further objection to the recovery. The contract provides for deliveries " beginning October and continuing at the rate of 6 to 8 per cent. weekly." It was evidently not the intention of the parties that plaintiff could deliver any quantity of the merchandise less than six per cent, and demand payment therefor, for the contract provides that " partial deliveries, if retained by buyer 5 days shall be paid for on above terms." This leads to the conclusion that any delivery or deliveries which amounted to less than six per cent of the 40,000 yards ordered was a partial delivery under the contract, and that in the absence of retention by the buyer of such partial delivery for five days the seller would not be entitled to demand payment for such partial delivery. Manifestly in a case of this kind, the plaintiff having had the goods manufactured at the mill, the mere delivery at the mill by sending an invoice for the goods as soon as they were manufactured did not amount to a retention of the goods by the defendant. The delivery of 1,362½ yards, to recover the price of which this action is brought, being less than six per cent of the quantity ordered, and there being no evidence that defendant had retained this delivery for five days, it was error to direct a verdict for the plaintiff for the price of such delivery.

BIJUR and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.