ANDREW B. HARBISON and Another, Plaintiffs, v. ALEXANDER PROPPER and Another, Defendants.

(Supreme Court, New York Special Term, July, 1920.)

Pleading — when allegation in complaint insufficient to justify an inference of delivery and tender — sales — contracts — when motion for judgment on the pleadings granted — Code Civ. Pro. § 533 — Pers. Prop. Law, §§ 122, 123, 144(1, 3), 156.

Two agreements, the second being a mere modification and not a complete cancellation of the first, were annexed to and by appropriate allegation made a part of the complaint in an action for the purchase price of goods sold, payment for which was to be made upon the receipt of the invoice, together with a bill of lading or express receipt. There was no allegation that the goods were delivered to a carrier for transportation to defendants, nor that the alleged delivery of the goods was accompanied by any of the documents referred to in the first agreement. *Held,* that an allegation that the plaintiffs have duly performed all the conditions on their part to be performed, set out in a separate paragraph, and which did not in terms refer to any contract, was insufficient, even under section 533 of the Code of Civil Procedure, to justify an inference of delivery and tender. (P. 594.)

The term " delivery " as used in section 156 of the Personal Property Law means voluntary transfer of possession from one person to another, and the defect in the complaint was not cured by an allegation that the plaintiffs delivered to the defendants under the contract a certain number of pieces of cloth but that the defendants refused to receive them. (Id.)

Under section 122 of the Personal Property Law it was the duty of plaintiffs to deliver the goods in accordance with the terms of the contract; their obligation so to do and the payment of the purchase price by defendants were concurrent conditions under section 123 of the statute. (Pp. 594, 595.)

The plaintiffs not having delivered the goods in conformity to the contract the title in the goods in suit did not pass to defendants, and under section 144(1) of the Personal Property Law an action was not maintainable for the price

unless the facts alleged in the complaint brought the case within section 144(3) of the statute. (P. 595.)

Prior to the enactment of section 144(3) of the Personal Property Law, which effected a great change in the law, the seller in all cases could maintain an action for the purchase price after due tender of the goods, but now he can maintain such an action only when the goods cannot readily be resold for a reasonable price and then only when the seller notifies the buyer that the goods are thereafter held as bailee for him. (Id.)

Such provisions of said section being outside all of the matters mentioned in the contract, which makes no mention of the statute nor of the conditions therein prescribed for obtaining relief thereunder, should be specifically alleged in the complaint. (P. 596.)

Assuming that the goods were not in a deliverable state when the contracts were entered into but were to be manufactured, the title in the goods would not pass until delivery and acceptance, and as the complaint did not allege that the goods were delivered to and accepted by defendants, the action was not maintainable upon that theory, and defendants' motion for judgment on the pleadings will be granted on the ground that the complaint considered as a whole fails to state a cause of action.

MOTION by defendants for judgment upon the pleadings.

I. Maurice Wormser, for motion.

Henry G. Gennert (Alex. C. Webber, of counsel), opposed.

GIEGERICH, J. The defendants move for judgment upon the pleadings, consisting of a complaint and an answer. The question is whether the complaint states a cause of action. The complaint alleges that at the city of New York the parties entered into two agreements, dated May 7, 1918, and November 1, 1918, respectively, designated as Exhibits A and B, which are annexed to the complaint and by appropriate alle-

gations made a part thereof. These agreements read as follows:

### EXHIBIT A.

" Contract between A. B. Harbison, trading as the Philadelphia Hosiery Co., and Edward S. Buckman, trading as the West Side Knitting Co., and Alexander Propper & Co. A. B. Harbison, trading as the Philadelphia Hosiery Co., and Edward S. Buckman, trading as the West Side Knitting Co., hereby agree to sell, and Alexander Propper Co. to buy, from seventy-five thousand (75,000) to one hundred thousand (100,000) yards all wool khaki knitted cloth like sample, to be delivered in monthly installments of about ten thousand (10,000) yards. Deliveries to be completed by December 31, 1918. Weight of cloth about 16 oz. Width about 54 inches. Price three and 67½/100 Dollars ($3.67½) per yard, payable net cash f. o. b. Allentown upon receipt of invoice, together with bill of lading or express receipt. It is understood and agreed that Charles G. David & Co., Inc., are the agents who have negotiated this sale, and are entitled to a commission of seven and one-half cents (.07½) per yard. The seller agrees that this amount may be deducted by the buyer from each remittance and paid by the buyer to Charles G. David & Co., Inc., and the buyer agrees to make such deduction and to make the corresponding payments to Charles G. David & Co., Inc., simultaneously with making payments to the seller.

" Dated May 7, 1918.

         " A. B. HARBISON,

         " EDW. S. BUCKMAN,

         " ALEXANDER PROPPER & Co.,

              " By ALEXANDER PROPPER.

" Witnessed:

" CHARLES G. DAVID."

EXHIBIT B.

*"November* 1, 1918.

"A. B. Harberson, trading as the Philadelphia Hosiery Co., and Edward Buckman, trading as the West Side Knitting Co., hereby agree to cancel, and Alexander Propper & Co. agree to accept such cancellation on contract made between said parties under date of May 7, 1918. It is further agreed that in consideration of said cancellation the Philadelphia Hosiery Co., through Mr. A. B. Harberson, agree to allow the sum of thirty-five hundred dollars ($3,500.00) to be deducted from pending bills. Said thirty-five hundred dollars ($3,500.00) to be allowed for poor delivery on cloth, cotton being substitution to a certain extent in place of all-wool. The Philadelphia Hosiery Co. further agrees to an allowance of 42½c per yard on fifty pieces of cloth now in possession of Alexander Propper & Co. Fifteen pieces of cloth to be delivered by Mr. C. G. David to Alexander Propper & Co., and billed at $3.25 per yard. Alexander Propper & Co. agrees to accept 15,025 pieces of cloth at $3.25 per yard, of which approximately —— is to be delivered weekly, and delivery to be completed by the 25th of December, 1918, and said cloth to be the same as delivered hitherto.

" ALEXANDER PROPPER & Co.,
" By ALEXANDER PROPPER.
" Witnessed by CHARLES G. DAVID."

The complaint then alleges " that the plaintiffs have duly performed all the conditions on their part to be performed." The complaint further alleges that the plaintiffs delivered to the defendants, and the defendants accepted, under contract Exhibit B, a certain number of pieces of cloth; that " the plaintiffs delivered under said last mentioned contract to the defend-

ants, but the defendants refused to receive '' a certain number of pieces of cloth; that the cloth delivered on certain dates amounted to a certain specified number of yards; that the defendants have refused to pay for the said cloth so refused, and that the agreed price of the cloth refused is $15,910.38. Judgment in the sum last mentioned is asked. The defendants claim that the complaint is insufficient, because it fails to show that the property or title in the goods so refused passed to them, and that by reason of such defect an action for the price thereof cannot be maintained in the absence of the averment of the facts necessary to bring the case within the provisions of subdivision 3 of section 144 of the Personal Property Law. The plaintiffs, on the other hand, maintain that the property or title in the goods did pass to the defendants by reason of the delivery of the same to a common carrier. The defendants, however, insist that such fact is not alleged in the complaint, and that the complaint is consequently insufficient. The plaintiffs, in rejoinder, advance the argument that they are not compelled to allege specifically the delivery of the goods to a common carrier, but that such fact may be inferred from certain allegations contained in the complaint. In order to properly determine the questions so presented it will be necessary at the outset to ascertain from the facts stated in the complaint whether or not the parties agreed, either expressly or impliedly, upon the place and manner of delivery of the goods. If they did, then their agreement with respect thereto was controlling. Pers. Prop. Law, § 100, rule 5. The plaintiffs, in their supplemental brief, insist that Exhibit B is a mere modification of some of the terms of the agreement set forth in Exhibit A. In support of such contention the argument is made that it was agreed in Exhibit B that

there should be a cancellation on the amount of cloth ordered and agreed to be delivered under Exhibit A and an adjustment of the price and quality of the cloth specified in Exhibit A; but that there was no intent to cancel *in toto* the contract set forth in Exhibit A, as is clear from the wording of Exhibit B, which speaks of a cancellation *on* the first contract, *i. e.,* a cancellation as to quantity, not a cancellation of the contract itself, and that, had the parties intended to cancel the first agreement, they surely would have provided in the second agreement for the manner of delivery, having done so in the first agreement, and evidently having that agreement before them at the time of making the second agreement. The defendants, on the other hand, maintain in their reply brief to the plaintiffs' supplemental brief that Exhibit B is in fact what it purports to be, namely, a cancellation of Exhibit A. After reading Exhibits A and B and comparing them, in the light of all the circumstances appearing from the averments contained in the complaint, I fully agree with the contention of the plaintiffs that the effect of the contract set forth in Exhibit B was a mere modification and not a complete cancellation of the contract contained in Exhibit A. The shipping instructions contained in Exhibit A read as follows: " Price three and 67½/100 dollars ($3.67½) per yard, payable net cash f. o. b. Allentown upon receipt of invoice together with bill of lading or express receipt." It will be seen that the goods are to be paid for upon receipt of invoice together with bill of lading or express receipt. The complaint does not allege that the goods were delivered to a carrier for the purpose of transportation to the defendants, nor that the alleged delivery of the goods was accompanied by any of the documents referred to in the above clause. The plaintiffs urge that such delivery and tender may be

inferred from the allegation contained in the third paragraph of the complaint " that the plaintiffs have duly performed all the conditions on their part to be performed." This allegation, however, is set out in a separate paragraph and does not in terms refer to any contract, and hence is insufficient even under the provisions of section 533 of the Code of Civil Procedure. *Ketchum* v. *Alexander,* 168 App. Div. 38, 40. This defect in the complaint is not cured by the allegations of the complaint that the plaintiffs " delivered " to the defendants under the contract referred to a certain number of pieces of cloth, but that the defendants refused to receive them. The term " delivery " as used in the statute " means voluntary transfer of possession from one person to another." Pers. Prop. Law, § 156. As the complaint expressly alleges that the defendants refused to receive the goods in suit there was not and could not be a delivery without the assent of the defendants to take the goods. Williston Sales, § 471. As Professor Williston expresses it, " the buyer, by refusing to take the goods, can always prevent delivery and thereby, where the property is not to pass until the delivery, prevent it from passing." Id. § 472. Rule 5 of section 100 of the Personal Property Law provides: " If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon." The rule above quoted seems to be expressive of the common-law rule upon the subject. Bogert's New York Sales Act, 1912, p. 107; McKinney's Consol. Laws, Anno. book 40, p. 171. It was the duty of the plaintiffs to deliver the goods in accordance with the terms of the contract (Pers. Prop. Law, § 122), the

obligation on their part to do so and the payment of
the price of the goods by the defendants being concur-
rent conditions. Id. § 123. Inasmuch as the complaint
fails to show that the plaintiffs delivered the goods in
conformity with the terms of the contract, as I have
construed it, the property or title in the goods in suit
did not pass to the defendants, and consequently they
cannot maintain an action for the price (Pers. Prop.
Law, § 144, subd. 1), unless the facts averred in the
complaint by fair inference have brought the case
within the provisions of subdivision 3 of section 144
of the Personal Property Law. That subdivision pro-
vides as follows: " 3. Although the property in the
goods has not passed, if they cannot readily be resold
for a reasonable price, and if the provisions of section
one hundred and forty-five are not applicable, the
seller may offer to deliver the goods to the buyer,
and if the buyer refuses to receive them, may notify
the buyer that the goods are thereafter held by the
seller as bailee for the buyer. Thereafter the seller
may treat the goods as the buyer's and may maintain
an action for the price." Section 145, among other
things, provides that " 1. Where the buyer wrong-
fully neglects or refuses to accept and pay for the
goods, the seller may maintain an action against
him for damages for non-acceptance." The above-
quoted provisions of subdivision 3 of section 144
effected a great change in the law upon the subject.
Formerly the seller could maintain an action for the
price in all cases after due tender of the goods. Now
he may maintain such an action only when the goods
" cannot readily be resold for a reasonable price,"
and then only when the seller notifies the buyer " that
the goods are thereafter held by the seller as bailee
for the buyer." *Mosler Safe Co.* v. *Brenner,* 100 Misc.
Rep. 107; *Crown Electric Illum. Co., Inc.,* v. *Chiariello,*

106 id. 511; Bogert's New York Sales Act, 1912, pp. 243, 246. The complaint fails to allege that the goods cannot readily be resold for a reasonable price or that a notice of the character required by the above-quoted provisions was given by the plaintiffs to the defendants. The plaintiffs contend that compliance with the requirements of the statute last above set forth is sufficiently alleged by the averment contained in the complaint as to performance generally of conditions precedent on their part. Even if the plaintiffs had properly pleaded the performance of conditions precedent on their part, which, as already seen, they did not, such allegation, nevertheless, would be of no avail, because a general averment of performance could not reasonably be taken to include the new remedy provided by statute and the requisite conditions, to obtain relief under it. As was said in *Ketchum* v. *Alexander, supra,* at page 40: " One can invoke the aid of this section (referring to section 533 of the Code of Civil Procedure) only in pleading the performance of conditions precedent specified in a contract." Neither of the contracts entered into between the parties makes any mention of the statute in question nor of the conditions therein prescribed for obtaining relief thereunder. They are outside all of the matters mentioned in such contracts, and, therefore, should be specifically averred, because all the facts requisite to enable the court to judge whether a cause of action exists under the statute must be stated in the complaint. *Rosenstock* v. *City of New York,* 97 App. Div. 337; affd., on opinion below, 181 N. Y. 550. This requirement is based upon the rule laid down in the case just cited that when a statute gives a new remedy and prescribes the requisite conditions, or if an action of a certain character or against certain persons be authorized only after the performance

of certain conditions, it is necessary to allege performance of these conditions. The foregoing discussion of the questions presented has proceeded upon the theory that the agreements Exhibits A and B are executory contracts for the purchase and sale of goods which were in a deliverable state when such contracts were entered into, and that the present action is one for the recovery of the price of such goods. It is claimed, however, in the plaintiffs' supplemental memorandum, and not disputed in the defendants' reply brief thereto, that the goods were to be manufactured. Although it is not expressly stated in such contracts that the goods were to be manufactured, it may be that such fact might be fairly inferred therefrom. Assuming, therefore, for the purposes of the argument, that the goods were not in a deliverable state when such agreements were entered into, but were to be manufactured, then, under the ruling of the Appellate Term of the First Department in *Crown Electric Illuminating Co., Inc.,* v. *Chiariello, supra,* and *Prager* v. *Scheff & Co., Inc., No. 1,* 107 Misc. Rep. 500, the property or title in the goods would not pass until the delivery and acceptance thereof. The complaint does not allege that the goods were delivered to and accepted by the defendants, and hence they cannot maintain an action upon such a theory. It was held in the case last cited that where the buyer within the time limit of the contract expressly refuses to receive the goods, an action for damages for non-acceptance under section 145 of the Personal Property Law and not an action for the price of the goods was the proper remedy. The plaintiffs have at all times insisted that even though the allegations of the complaint may be insufficient to sustain a cause of action for the price, they nevertheless set up a complete cause of action for damages for a breach of contract. The complaint is

framed upon the theory of a recovery of the price of the goods, but, assuming that facts are alleged from which damages may fairly be inferred, the complaint is nevertheless insufficient, because it fails to state facts from which it can be inferred that the plaintiffs performed or offered to perform all of the conditions of the contract on their part. 35 Cyc. 584. My conclusion, therefore, is that the complaint, considered as a whole, fails to state any cause of action against the defendants, and consequently the motion should be granted.

Motion granted, with ten dollars costs, with leave to the plaintiffs to amend within twenty days after service of a copy of the order to be entered hereon, with notice of entry thereof, and upon payment of such costs.

Ordered accordingly.