OBADIAH J. MARRIOTT, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion Nos. 1069, 1062–68, 1070–1127.)

Court of Claims, June 27, 1945.

W. *Cullen Stevens* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Marvin P. Lazarus* of counsel), for defendant.

BARRETT, P. J.   This is one of sixty-six motions for permissions to file claims pursuant to subdivision 5 of section 10 of the Court of Claims Act.   All were argued at the same time and submitted for decision.   It has been stipulated that the decision herein will be binding in all of said motions and also in other similar motions the papers in which had not been filed at the time of argument, except that as to the additional motions the State has not waived its possible jurisdictional objections.

The applicants are colony employees of the Rome State School, an institution for the care, training and custody of mental defectives.   Under the colony system certain inmates of the school are kept in groups in homes in the nature of cottages located on farms and in urban areas away from the institution.   Usually where the cottage is occupied by boys, it is presided over by a husband and wife with the husband in control and the wife assisting him.   Where the cottage is occupied by girls, the wife is in control and she is assisted by the husband. The inmates are permitted to work on the farms and for private employers.   It is sought by this colony system to give the inmates an environment that may help to rehabilitate them and to improve their condition so that it may be possible for them to leave the institution and take their places in their communities.   The applicants were employed at various jobs in the system.   Apparently most, if not all of them, lived in these cottages.

The allegations in the moving papers are substantially the same except that the amounts of damages vary. It appears that the employees of the colonies formed a committee for the purpose of obtaining additional compensation for overtime services rendered since July 1, 1937, when section 168 of the Labor Law as amended (L. 1937, ch. 146) took effect. This committee was authorized to investigate and to make arrangements for the submission of their claims against the State for such compensation. Such employees were subject to the provisions of said section which provides in general that they shall not be permitted or required to work more than eight hours a day. In the month of July, 1943, the committee consulted their present attorney with reference to the submission of such claims. The attorney investigated the matter and advised the committee that in view of the decision in *McMahon* v. *State of New York* (178 Misc. 865) the enactment of a special act conferring jurisdiction upon this court to hear their claims was necessary for the proper submission of their claims. Such an act was prepared and was passed by the Legislature of 1944 but vetoed by the Governor. In September, 1944, the attorneys advised the committee that a partial remedy was available under section 168-a of the Labor Law, effective February 26, 1943 (L. 1943, ch. 27) and the members of the committee then proceeded to collect the necessary information. The State has since that time had knowledge of all the facts. It is apparent also that the applicants were unable to file their claims sooner because of the extended investigations that had to be made and the work involved therein.

Copies of the proposed claims are attached to the moving papers. They allege claims for compensation for four hours' overtime services from February 26, 1943, to various dates in 1944.

While the applicants were limited to eight hours of work by section 168 of the Labor Law, they could not under that section recover compensation for such overtime services. (*McMahon* v. *State of New York*, 178 Misc. 865, *supra*.) They claim however, that section 168-a permits recovery for a maximum of four hours a day overtime services. So far as these proposed claims are concerned, that section provides in substance that where there is a vacancy in one or more positions in the institution, the commissioner may authorize, subject to the approval of the Director of the Budget, such overtime employment in the institution but that in no event shall the

total of such overtime exceed eight hours in any day for each position in which a vacancy exists. This section, subdivision 5 thereof, further provides in substance that no employee except in case of emergency shall be permitted to work more than twelve hours in any day. Consequently, compensation is claimed for four hours' overtime services during the times specified in the claims. The section concededly is a war measure and it permits compensation for overtime only to the extent necessary to compensate for vacancies.

The papers disclose a reasonable excuse for not filing within the prescribed time, that the State had actual knowledge of the essential facts and has not been prejudiced. (*McMahon* v. *State of New York,* 173 Misc. 1004, affd. 261 App. Div. 879.)

However, the motions cannot be granted unless the proposed claims set forth causes of action against the State. (*Apropo* v. *State of New York,* 161 Misc. 142, affd. 252 App. Div. 803; *Siegel* v. *State of New York,* 175 Misc. 515, affd. 262 App. Div. 388; *Chergotis* v. *State of New York,* 172 Misc. 272, affd. 259 App. Div. 369; *Zurich G. A. & L. Ins. Co.* v. *State of New York,* 179 Misc. 162.)

The State argues that the claims do not state causes of action in that they do not show that vacancies existed, that overtime services were rendered, that there was proper authorization for such employment and that such authorization was approved by the Direcor of the Budget. The proposed claims do not specifically allege the existence of vacancies. It might be that such defects could be cured by amendments and that the applicants should be given the right to apply therefor. However it is not necessary to pass on that question as it is felt that for reasons hereinafter stated, the allegations of the claims are not sufficient. The proposed claims allege the rendition of overtime services and the period of time of such services. They are adequate in that respect. While the State's answering affidavits in effect question such allegations, it is apparent that the issue relates to the merits of the cause of action alleged in the claims and must be resolved on a trial and not on a motion of this nature.

In paragraph 5 of the proposed claims it is alleged as follows: " That claimant rendered services to the State in said position at said Rome State School, Rome, New York, pursuant to the provisions of Section 168-a of the Labor Law and duly complied with all the provisions thereof, which services were accepted by the State, its officers and agents, and were of benefit to the State." Nowhere is it alleged specifically that overtime employment in the institution was authorized by the Commissioner of

Mental Hygiene or that such authorization was approved by the Director of the Budget.

The claims must set forth the facts which are alleged to constitute compliance with the statute. In *Baldwin* v. *Hegemen Farms Corp.* (154 Misc. 285, 288) the court said: " The rule is that when one seeks to maintain an action under a statute, he must state especially every fact requisite to enable the court to decide whether he has a cause of action under the statute. In other words, it must appear that all the conditions upon which the cause of action depends, as stated in the statute, are alleged in the pleading. (*Bartlett* v. *Crozier,* 17 Johns. 439; *Austin* v. *Goodrich,* 49 N. Y. 266; *Rosenstock* v. *City of New York,* 97 App. Div. 337; *Harbison* v. *Propper,* 112 Misc. 588.) " The authorization by the commissioner and the approval by the Director of the Budget, are indispensible to a recovery. (*Beresford* v. *Donaldson,* 54 Misc. 138; *Rosenstock* v. *City of New York,* 97 App. Div. 337, affd. 181 N. Y. 550; *Baldwin* v. *Hegemen Farms Corp.,* 154 Misc. 285, *supra; Palmer* v. *Board of Education,* 276 N. Y. 222; *Matter of Sitkin,* 151 Misc. 448, 456.) *Rochester Ry. Co.* v. *Robinson* (133 N. Y. 242) cited by claimant is distinguishable. In that case it was held that a petition which used the language of the statute therein involved which use was expressly permitted was sufficient. Here the applicants did not use the words of the statute but merely alleged compliance therewith in general terms. Rule 92 of the Rules of Civil Practice does not aid the applicants. It applies only to conditions contained in a contract and not to the provisions of a statute. (*Ketchum* v. *Alexander,* 168 App. Div. 38; *Harbison* v. *Propper,* 112 Misc. 588.)

There are no allegations of such authorization by the commissioner and the State specifically denies that there was any such approval by the Director of the Budget. It is stated in the moving papers that a few days prior to said February 26, 1943, written applications for overtime work were distributed to the employees of the Rome State School, that such applications were filled out and turned in to the colony supervisor of the school who appears to have promised that payment for such overtime services would be made and that in reliance thereon, the services were furnished. It appears from the affidavit of the director of the school that a questionnaire relating to overtime work was circulated among certain of the employees of the school but not among the colony employees and that if any such colony employees filled out such a questionnaire, the offer for overtime services was not accepted and that if any such promise was made by the colony supervisor it was made without authority.

In any event, such a promise by the colony supervisor was not the authorization of the commissioner and was ineffective to bind the State. (*McMahon* v. *State of New York,* 178 Misc. 865, *supra.*)

To repeat, the section in question requires the authorization of such overtime employment by the commissioner and the approval of the Director of the Budget. Such requirements are provided to safeguard the interests of the State and the public and unless complied with there can be no valid employment for the overtime services. Allegations accordingly were necessary and in their absence the proposed claims are inadequate.

It is difficult to see how applicants are aided in any way by the letter of the Comptroller dated February 20, 1945, as it was stated therein that the funds available for overtime services at the Rome State School were not so available to overtime employment in " one's own position ". The allegations that the applicants duly complied with the provisions of section 168-a of the Labor Law are not sufficient. Such allegations are vague and general and must yield to the undisputed affidavits to the effect that the elements of a valid cause of action are not present.

To grant permission to file the claims would under the circumstances be futile acts. Nor would it avail the applicants to permit amendments to the claims as clearly the necessary allegations could not be supplied.

Orders denying the motions may be submitted.