CHARLES H. BALDWIN, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* HEGEMAN FARMS CORPORATION, Defendant.

Supreme Court, Albany County, December 28, 1934.

*Henry S. Manley,* for the plaintiff.

*Haskell, Kelly & Maher,* for the defendant.

RUSSELL, J. This action is brought to restrain defendant from continuing or engaging in or being interested in the purchase of milk and cream from producers or from a co-operative association contrary to article 21 of the Agriculture and Markets Law (Laws of 1934, chap. 126).

The plaintiff has served what he designates as a supplemental and amended complaint. He now moves for an injunction *pendente lite.* Defendant makes a cross-motion to dismiss the supplemental and amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.

In so far as this complaint amends the former one, it supersedes it and takes its place. (*Millard* v. *Delaware, Lackawanna & Western R. R. Co.,* 204 App. Div. 80.)

In his supplemental complaint plaintiff alleges two causes of action. In the first cause of action he realleges paragraphs 1 to 7, inclusive, of his original complaint.

The original complaint is superseded by plaintiff's amended complaint. It is provided by rule 90 of the Rules of Civil Practice that the allegations contained in a separately numbered paragraph of one cause of action, counterclaim or defense, contained in a pleading, may be incorporated as a whole in another cause of action, counterclaim or defense, in the same pleading by reference

without repeating them. No permission is given to incorporate by reference, in an amended pleading, allegations in an original pleading which has been superseded. Such a practice would be decidedly inconvenient and would cause unnecessary confusion. For these reasons, the first cause of action is not sufficiently pleaded.

Plaintiff for his second cause of action, in addition to various formal allegations, alleges that the defendant is now and at all times since July 1, 1934, has been continuously buying milk from a co-operative association composed of milk producers, and that such milk is purchased for resale and manufacture; that in the judgment of the plaintiff Commissioner protection by bond is necessary and desirable to protect the interests of the members of the co-operative association; but the defendant has not filed with the plaintiff a bond to protect such producers, and that " because of the failure and refusal of the defendant to file a bond, the producers referred to are without protection which the statute is designed to afford them."

This complaint is based upon an alleged violation of section 258-b of the Agriculture and Markets Law, which reads, in part, as follows:

" § 258-b. Bonds and enforcement. Each milk dealer buying milk from producers for resale or manufacture shall execute and file a bond, unless relieved therefrom as hereinafter provided. The bond shall be upon a form prescribed by the commissioner, shall be in the sum fixed by him, but not less than two thousand dollars, shall be executed by a surety company authorized to do business in this state, and shall be conditioned for the prompt payment of all amounts due to producers for milk sold by them to such licensee, during the license year. The bond shall be approved by the commissioner.

" Upon default by the licensee in any conditions of the bond, if there is reason to believe that the licensee owes for milk purchased from producers, the commissioner shall give reasonable notice to file verified claims, and may if he deems it advisable fix a reasonable time within which such claims must be filed. The commissioner shall examine claims so filed and by certificate determine the amounts due upon them. The commissioner may bring an action upon the bond, and for the purposes of such action the certificate determining the amounts due shall be presumptive evidence of the facts therein stated. If the recovery upon the bond is not sufficient to pay all claims as finally determined, then it shall be divided *pro rata* among them.

" A licensee shall from time to time, when required by the commissioner, make and file a verified statement of his disbursements

during a period to be prescribed by the commissioner, containing the names of the producers from whom milk was purchased, and the amount due to the producers thereof. If it appears from such statement or from facts otherwise ascertained by the commissioner that the security afforded to producers selling milk to such licensee by the bond does not adequately protect such producers, the commissioner may require such licensee to give an additional bond in a sum to be determined by the commissioner, but not more than double the value of the maximum amount of milk purchased from producers in any one month, and not exceeding in any event one hundred thousand dollars.

" The provisions of this article relative to a milk dealer buying milk from producers for resale or manufacture shall apply also to a milk dealer buying milk from a co-operative association or buying milk from another milk dealer, whenever, in the judgment of the commissioner, protection by bond or otherwise is necessary or desirable to protect the interests of producers."

This section requires that the bond shall be made upon a form prescribed by the Commissioner and shall be in sum fixed by him. It also provides that in the case of a milk dealer who buys milk from a co-operative association, he shall give a bond pursuant to the above section, whenever in the judgment of the Commissioner protection by a bond of the interests of the producers is necessary or desirable.

It is evident that there cannot be a violation of this section unless the Commissioner has exercised his judgment by requiring a bond in the case of a milk dealer buying milk from a co-operative association, and unless the Commissioner also fixes the amount of the bond and prescribes the form therefor. Moreover, the Commissioner must cause some sort of notice to be given to the milk dealer of the fact that he has determined to require a bond under the circumstances, and as to the amount thereof.

Since these matters are conditions precedent to a cause of action under the statute, the facts in relation to the same must be alleged in the complaint.

The rule is that when one seeks to maintain an action under a statute, he must state especially every fact requisite to enable the court to decide whether he has a cause of action under the statute. In other words, it must appear that all the conditions upon which the cause of action depends, as stated in the statute, are alleged in the pleading. (*Bartlett* v. *Crozier*, 17 Johns. 439; *Austin* v. *Goodrich*, 49 N. Y. 266; *Rosenstock* v. *City of New York*, 97 App. Div. 337; *Harbison* v. *Propper*, 112 Misc. 588.)

Also, whenever by statute a duty is imposed on an individual for the neglect of which he is subject to a penalty, notice to him is required before liability arises, unless the contrary is expressly provided by law. (*Brewster* v. *City of Newark*, 11 N. J. Eq. 114; *McPhail* v. *Denver*, 59 Col. 248; 149 P. 257.)

The complaint alleges that in the judgment of the Commissioner a bond is necessary, but there is no allegation when this judgment was exercised or that it existed otherwise than in the mind of the Commissioner. Again, even though he exercised his judgment, how is defendant to know it if he is not notified? Neither is there any allegation that the amount of the bond has been fixed by the Commissioner and the form prescribed, and that the defendant has failed or refused to furnish such bond.

Under the circumstances, the motion of the defendant to dismiss the complaint is granted, unless, within ten days after the entry and service of the order upon this motion, the plaintiff serves an amended pleading or pleadings. Defendant is also awarded ten dollars costs of motion.