**BOWLES, Adm'r of Office of Price Administration, v. SEMINOLE ROCK & SAND CO.**

**Civil Action No. 896.**

District Court, S. D. Florida.

April 7, 1944.

John D. Mosby, Chief of Litigation Unit, Office of Price Administration, of Atlanta, Ga., Frank Thompson, Dist. Enforcement Atty., Office of Price Administration, of Jacksonville, Fla., C. H. Lichliter, Enforcement Atty., Office of Price Administration, of Tampa, Fla., and P. N. Hiatt, Enforcement Atty., Office of Price Administration, of Miami, Fla., for plaintiff.

Loftin, Anderson, Scott, McCarthy & Preston, of Miami, Fla., for defendant.

AKERMAN, District Judge.

### Findings of Fact.

From a preponderance of the evidence adduced by the respective parties in this cause, the Court finds as facts the following:

1. In March 1942 the defendant company was engaged, among other things, in filling orders of Seaboard Air Line Railway for ballast under a contract previously entered into which provided for a price of 60¢ a ton.

2. During the month of March 1942 the defendant shipped to the Seaboard Air Line Railway a quantity of ballast rock at the price of 60¢ a ton in accordance with the contract previously entered into.

3. Sometime in January 1942 the defendant accepted an order for crushed stone, of two different grades and two different specifications, from the government contractor engaged in building what is know as the "St. Lucie Dam" to be delivered as called for at $1.50 per ton.

4. By reason of the contractor not being ready for the stone the shipments which could have been demanded in March 1942 were delayed and this continued until sometime in August 1942.

5. During March 1942 the defendant made a new contract with the Seaboard for ballast and later made shipments under it at 85¢ a ton.

6. Still later, the defendant made further shipments of ballast rock to the Seaboard under another order or contract at $1 a ton.

7. That the crushed stone contracted to be sold to the government contractor, as above stated, and that sold to the Seaboard as ballast, at the times alleged in the complaint, were substantially the same.

8. That the ballast rock sold and delivered to the Seaboard was for use by it in its main line railroad and not for resale.

9. That ballast rock for the Seaboard Air Line Railway is an absolute necessity and practically the only place from which certain parts of this railroad can get ballast rock in this area is from the defendant's quarries.

10. The defendant cannot sell ballast rock to the railroad at 60¢ a ton under present prices without resulting in an absolute loss and it could not go on with deliveries of ballast rock at this price.

11. It is in the public interest that shipments of ballast to the railroad must be continued.

### Conclusions of Law.

Based upon the foregoing findings of fact, the Court announces the following conclusions of law:

(a) The government contractor who purchased crushed stone from the defendant under a contract made in January 1942 had the right to have deliveries made thereunder during March 1942.

(b) The failure to effect deliveries of the crushed stone to the government contractor during the month of March 1942 was not the fault of the defendant.

(c) The contract of January 1942 to sell crushed stone at $1.50 a ton to the government contractor engaged in building the St. Lucie Dam which contemplated deliveries under it in March 1942 of substantially the same commodity alleged in the complaint to have been sold to the Seaboard Air Line Railway established, as of March 1942, a ceiling price under the Emergency Price Control Act, 50 U.S.C.A. Appendix § 901 et seq., and Maximum Price Regulation No. 188 of $1.50 a ton for the ballast that subsequently was sold and delivered to the Seaboard Air Line Railway.

(d) That in the exercise of its sound discretion the Court should deny the application of the Price Administrator for an injunction restraining the sale by the

defendant of ballast such as described in the Complaint for $1 a ton.

(e) That the Seaboard Air Line Railway was the ultimate consumer of the ballast sold to it as alleged in the Complaint and therefore it, if anyone, had the right of action against the defendant under Section 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix § 925(e) and no such right of action accrued to the Price Administrator.

·(f) That the complaint be dismissed at the cost of the plaintiff.

It is so ordered and counsel for defendant will submit appropriate judgment in accordance herewith.