132

Homer C. Eberhardt, Enforcement Atty., OPA, of Valdosta, Ga., for plaintiff.

S. P. Cain, of Cairo, Ga., Jones, Jones & Sparks, of Macon, Ga. (C. Baxter Jones and Chas. M. Cork, both of Macon, Ga., of counsel), for defendant.

DEAVER, District Judge.

This is a suit by the Price Administrator for treble damages under U.S.C.A., Title 50, Appendix, § 925(e), for alleged violation of MPR 291. Defendant moves to dismiss on the ground that the action was taken "without the prior approval of the Secretary of Agriculture", as required by Section 903(e).

Section 903(e) provides that no action shall be taken by the Administrator without the prior approval of the Secretary, except that he may proceed for injunction or by criminal prosecution, if the price has been previously approved by the Secretary.

The words "if the price has been previously approved by the Secretary" seem to indicate that the prices fixed by the Administrator are to be approved by the Secretary. Section 903 does require the Secretary to determine and publish certain prices and prohibits the Administrator from fixing maximum prices below the highest determined by the Secretary. The Administrator apparently construes Section 903 as requiring approval of his prices by the Secretary. In fact, MPR 291 recites that, "The Price Administrator has consulted with the Secretary of Agriculture and has obtained his approval for the agricultural commodities covered herein".

There are, therefore, two approvals to be made by the Secretary, an approval of the prices fixed by the Administrator and an approval, under Section 903(e), of suits to be filed.

The approval of the prices fixed by MPR 291, it is conceded, was obtained. It is conceded also that there was no prior approval of this action by the Secretary unless the fact that the Secretary approved MPR 291 amounts to approval of the action.

The Administrator contends:

1. That no approval is necessary.

2. That approval was obtained when the Secretary approved MPR 291.

In enacting the Emergency Price Control Act, Congress gave direct and special attention to agricultural products. In connection with the general price fixing authority, contained in Section 902, Congress in subsection (f) thereof, specifically provided that no power conferred by this section shall be construed to authorize any action contrary to the provisions and purposes of section 903, which deals with agricultural commodities. By way of emphasis, Congress in 903(f) said that no provision of this Act or of any existing law shall be construed to authorize any action contrary to the provisions and purposes of this section.

Congress was obviously concerned about court actions growing out of the sale of agricultural products. Except in cases of injunction and criminal prosecutions, Congress prohibited any court action unless it

had the prior approval of the Secretary. In every case, civil or criminal, some person or persons have to decide whether in the interest of law enforcement or for the public good action in court should be taken. In cases like this, that discretion, Congress thought, should not be left entirely to the Administrator but should be exercised by both him and the Secretary.

The Administrator argues that it would be illogical to permit an injunction suit and a criminal prosecution and deny the right to sue for treble damages; that it must, therefore, have been the intention of Congress to include in the exception also action under 925(e); that the omission may have been by inadvertence; and that the exception should be so construed as in effect to write the treble damage action into the exception.

Congress had under direct consideration the actions which it intended to authorize and those which it intended to prohibit. The absence of the treble damage action from the exception makes the first part of Section 903(e) applicable to that action, just as if Congress had said no action for treble damages shall be taken without the Secretary's approval. A court is not authorized to hold that Congress meant exactly the opposite of what it said, when there is nothing so to indicate, except that, in the judgment of the Administrator, Congress should have enacted a different law.

MPR 291 is a Price Regulation. At the end of the Regulation the Secretary of Agriculture simply signed his name after the word "approved". That meant that he approved the prices fixed by the Regulation and did not mean that he approved every recital in the Regulation with most of which he had no concern or duty under the law.

In the Regulation, the Administrator said that any person who violates MPR 291 is subject to criminal penalties, civil enforcement actions, and suits for treble damages as provided by the Act. That would have been true whether the Administrator said so or not. The Secretary did not say so by simply approving the prices, but if he had, it would not have added anything to the law. Even if the language in the Regulation as to treble damages had been his language, he would only have been saying that an action for treble damages could be filed after he approved it. What would or would not amount to approval would not have been affected by

that statement. The Administrator by that statement notified persons engaged in that business that violators would be subject to treble damages, and so they would, if the Administrator complied with the Act and obtained the Secretary's approval. The statement in the Regulation was probably never intended to have any effect except to serve as a notice to call attention to the enforcement provisions of the Act; and the word "Approved" probably had no reference at all to the enforcement provisions.

Section 903(e) may be subject to two constructions:

1. Congress may have intended that the treble damage provision in the general act shall not apply with respect to agricultural products unless, in the expressed judgment of the Secretary, it should apply, but if he thinks that provision should apply with reference to agricultural products just as to other products, and says so, then it shall become effective. If that was the intention of Congress, the Secretary would not have to approve each separate suit which might be filed but could just approve the law as being, in his judgment, a desirable provision to be applied in agricultural products cases, and thus make it effective. The statute thus construed would raise serious questions of constitutionality and, therefore, should not be so construed, if it has some other meaning which is not constitutionally objectionable.

2. Under the other construction, Congress intended that each separate action should be approved by the Secretary.

Against that construction the Administrator makes the argument of impracticability. He says the work of examining the facts presented by the Administrator in each case would place an intolerable burden on the Secretary, and render enforcement by suit for treble damages impracticable. Of course, that is a matter largely of speculation. No great number of such suits have been reported up to this time. Moreover, other Departments of Government do the same thing. The Department of Justice, upon factual reports, determines in thousands of cases, civil and criminal, whether action shall be taken. The Price Administrator himself has to make such decisions, not only in treble damage suits covering agricultural actions, but in all treble damage suits covering the entire range of price fixing, and also in all cases of injunction and criminal prosecution. As said before, some one, in every case to

which the government is a party, exercises a discretion as to whether action in court shall be taken, and Congress provided, in effect, that when facts obtained by investigators and reported to the Administrator, lead him to believe that a treble damage suit is necessary, there should, in cases of agricultural products, be a check on the existence of such necessity by requiring the Administrator to submit his facts to the Secretary and obtain an expression of his judgment in that regard. Certainly in all criminal cases, the Administrator's facts have to be reviewed and his judgment concurred in by the Department of Justice, before criminal prosecutions are instituted. There is nothing unusual about requiring a government agency to obtain the approval of some Department of Government before initiating court proceedings.

This suit, not having the prior approval of the Secretary of Agriculture, will be for that reason dismissed.