**BOWLES, Administrator, Office of Price Administration, v. ROCK.**

No. 70.

District Court, D. Nebraska, Grand Island Division.

July 7, 1944.

Bert L. Overcash, of North Platte, Neb., and F. A. Des Jardien, of Thedford, Neb., for plaintiff.

Thomas W. Lanigan, of Grand Island, Neb., for defendant.

DELEHANT, District Judge.

To the plaintiff's suit as administrator for triple damages against the defendant, charged with selling certain items of farm equipment at prices in excess of those prescribed in Maximum Price Regulation No. 133, 7 F.R. 3185, promulgated under authority of the Emergency Price Control Act of 1942, Public Law No. 421, 77th Cong., 2d Sess., 56 Stat. 23, 50 U.S.C.A. Appendix, § 901 et seq., the defendant has filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That motion has been presented for ruling.

 In its terms, the motion is broad enough to challenge the constitutionality of the applicable act and regulation. No such challenge is made in the defendant's typewritten brief submitted to the court; and the constitutionality of the act was conceded upon oral argument. Still, confronted with the motion in its sweeping form, it is appropriate, and sufficient, upon the constitutional question, simply to observe that it has lately been placed beyond examination here by the affirmance of the constitutionality of the Act by the Supreme Court of the United States in several cases; Lockerty v. Phillips, 319 U.S. 182, 64 S.Ct. 1019, 88 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660; Bowles v. Willingham, 321 U. S. 503, 64 S.Ct. 641; and by the determination of that court, that, under the provisions of Sections 203 and 204 of the Act, Title 50 U.S.C.A.Appendix, §§ 923, 924, the validity of the Regulations promulgated under the Act may be assailed only by the procedure erected in those sections, involving protest before the administrator and direct review by the specially constituted Emergency Court of Appeals, and on certiorari by the Supreme Court; and may not be drawn in question in proceedings, whether civil or criminal, instituted in this court, Yakus v. United States, supra, and Bowles v. Willingham, supra. This court's duty, therefore, is to accept, and give force to, the Act and the implementing Regulations as they have been written.

But the defendant's more explicit, and only seriously defended, contention is that the complaint fails to disclose the administrator's right to bring this action under Section 205(e) of the Act, Title 50 U.S.C. A.Appendix, § 925(e).

The complaint charges that the defendant, on February 22, 1944, sold four separate items of farm equipment, each to a separate vendee at a designated price, in excess by a specified amount, over the highest maximum price therefor chargeable under the Regulation; that in violation of Section 1361.3a(e) of the Regulation, each of the sales was made, not by itself or separately, but under an option granted in the sale of another item of property; and, by amendment of the complaint allowed before hearing on the motion to dismiss, "that each of the sales of farm machinery involved in this action were (was) made to farmers (a farmer) for use in the course of their (his) trade and business of farming."

 The Administrator's right under the Act to institute civil actions in this court, see Title 50 U.S.C.A.Appendix, § 925(c, e), Section 205(c, e) of the Act, is to be found in Section 205(e) of the Act, Title 50 U.S.C.A.Appendix, § 925(e), which, so far as it is now material, follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity *for use or consumption other than in the course of trade or business* may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as deter-

mined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States." (Emphasis added). Thus the critical question is whether the purchasers of the several articles bought them "for use or consumption *other than* in the course of trade or business." If they did, then they and they alone, have severally the right to bring suits in respect of the articles sold to them respectively. If not, then such right exists only in the Administrator and this suit is properly instituted.

■ While it is not imperative that the court perceive the foundation for a distinction of this nature made by the Congress within its competency, the distinction may be more clearly understood if its reason is obvious. And here it is readily apparent. Section 4 of the Act sets out its prohibitions, and its subsection (a), Title 50 U.S.C.A.Appendix, § 904(a), provides that: "It shall be unlawful * * * for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity * * * in violation of any regulation or order under section 2, or of any price schedule." Thus, while the act fastens guilt upon all sellers disobedient of its terms, only those buyers are made guilty who purchase in the course of trade or business. Quite consistently, then, the buyer for use or consumption other than in the course of trade or business, not being himself guilty of an offense defined in the act, is accorded the right to sue for civil recovery under the Act, while the buyer for use or consumption in the course of trade or business, being guilty alike with the seller, is denied the right to appear as plaintiff against his equally guilty vendor in a civil suit; which right is, therefore, conferred on the Administrator. The court is not at all concerned with the wisdom or logic of an enactment which makes one buyer a violator of the law and absolves another from guilt. Those are questions that are addressed to legislative discretion.

■ In his motion and even more emphatically in his argument the defendant insists that, because—as he alleges—he sold the designated items of equipment at a "selling out farm auction sale", which is a rare and unusual event in the career of a farmer, such sale was not made by him "in the regular course of trade or business", and that, on that account, under the quoted language of Section 205(e) of the Act, Title 50 U.S.C.A.Appendix, § 925(e), the right to sue for triple damages is exclusively accorded to the several buyers and denied to the Administrator. His position in that regard rests upon a misapprehension of the employment in the Act of the phrase "in the course of trade or business." It has no relation either to the trade or business of the seller or to his motive or occasion in selling. It is concerned solely with the buyer and his purpose in buying; for, in language too clear to justify mistake, it accords the purchaser's right to sue only to "the person who buys such commodity for use or consumption other than in the course of trade or business." The circumstances personal to the seller in the transactions charged are, therefore, quite immaterial.

■ The inquiry remains whether the complaint, as altered by amendment, aptly negatives the purchase of the several articles by the respective buyers thereof "for use or consumption other than in the course of trade or business." That it does is hardly doubtful. In express terms the amendment above referred to affirmatively asserts that each article was sold to its buyer who was a farmer for use in the course of his trade and business of farming. And as a matter of common knowledge and judicial notice, the articles themselves, a Model 60 Allis Chalmers combine (a small power drawn grain harvester-thresher), a Model T 6 tractor type manure spreader, a Model W. C. 1938 Allis Chalmers tractor with power take-off, and a Model W. C. 1937 Allis Chalmers tractor with power take-off, are all normal and ordinary implements manufactured, designed and appropriate for use, and customarily used, in the area within which the transactions allegedly occurred. The allegation is sufficiently made to withstand a motion to dismiss and to sustain proof upon trial, unless it be thought that farming can not be either a trade or a business, within the terms of the Act.

■ But such a position is untenable. Farming has long been acknowledged to be comprehended within the term "business". Wilson v. Eisner, 2 Cir., 282 F. 38, 41; DuPont v. United States, D.C.

Del., 28 F.Supp. 122, 124; Plant v. Walsh, D.C.Conn., 280 F. 722, 724; Tucker v. Wallace, 90 Mont. 359, 3 .P.2d 404, 405; Snow v. Sheldon, 126 Mass. 332, 334, 30 Am.Rep. 684; Whipple v. Commissioner, 263 Mass. 476, 161 N.E. 593, 595; Hickey v. Thompson, 52 Ark. 234, 12 S.W. 475, 476; Lawton v. Pacific Coast Casualty Co., 144 La. 664, 81 So. 219, 220; Waggener v. Haskell, 89 Tex. 435, 35 S.W. 1, 2. And in the light of its purposes; its modern developments; the magnitude and variety of its operations and transactions; its hope of profit and hazard of loss; and its relation to the general American financial and business structure, no one will now seriously argue to the contrary.

The failure to say in the complaint, in ipsis verbis, that the several buyers were not entitled, under the act, to sue, constitutes no infirmity in pleading. Such a statement would be, at most, a conclusion of law. The facts, from which that conclusion follows, are pleaded; and more is neither required nor allowed.

Nor is there any merit in the defendant's contention that the administrator must allege and prove that the defendant's act in selling was willful or in bad faith. It is true that in criminal prosecutions for the violation of the prohibitions of section 4 of the Act, Title 50 U.S.C.A. Appendix, § 904, the defendant's act or acts, to be punishable, must have been willful, Title 50 U.S.C.A.Appendix, § 925(b); Yakus v. United States, 321 U.S. 414, 435, 64 S.Ct. 660; United States v. Renken, D.C.S.C., 55 F.Supp. 1, 3. But no such requirement is premised for a valid civil liability, Title 50 U.S.C.A.Appendix, § 925 (e). For civil liability the violative act is adequate; its willfulness is not required and need not be alleged. The language of Title 50 U.S.C.A.Appendix, § 925(d) is simply inapplicable to suits brought, as this one is, under Title 50 U.S.C.A.Appendix, § 925(e), and merely absolves persons from possible liability for damages or penalties arising out of their compliance in good faith with the Act and its implementing regulations. It has no reference to liabilities created by the Act itself for its own violation.

In considering the issue now determined, the court has observed the case of Bowles v. Strickland, D.C.Ga., 55 F. Supp. 132, in which the district judge dismissed upon motion a suit by the Administrator for triple damages for the violation of maximum Price Regulation 291 in the sale of agricultural products, because the Administrator had failed to procure the approval by the Secretary of Agriculture of the institution of the specific suit involved, within the contemplation of Section 3(e) of the Act, Title 50 U.S.C.A.Appendix, § 903(e). No comparable issue is raised in the present case. Nor would it be well taken. Section 3 of the Act in its entirety is applicable solely to agricultural commodities. And implements, though designed, manufactured and sold and purchased for use in the business of agriculture are not agricultural commodities. As the opinion and the editorially prepared syllabus in Bowles v. Strickland, supra, imply, agricultural commodities are generally synonymous with agricultural products. Hence, without expressing any opinion respecting the correctness of the ruling announced in Bowles v. Strickland, supra, the court simply considers it to be irrelevant upon the motion to dismiss presently tendered.

The motion to dismiss is, therefore, being overruled and denied with exception to the defendant.