**BOWLES, Adm'r, Office of Price Administration, v. ROGERS et al.**
**Civil Action No. 453.**

District Court, N. D. Indiana,
South Bend Division.

Nov. 6, 1944.

---

John E. Scott and Russell W. Smith, District Enforcement Attys., both of Indianapolis, Ind., for plaintiff.

Don Kitch, of Plymouth, Ind., and Walter R. Arnold, of South Bend, Ind., for defendant.

SWYGERT, District Judge.

The Price Administrator of the office of Price Administration brings this suit to collect treble damages from the defendants under the provisions of Section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 925(e). The complaint alleges that the defendants sold at public auction a tractor to one Frank Carrico for $264.75 above the ceiling price allowed by Maximum Price Regulation 1933 covering the sale of farm equipment. The complaint further alleges that: "Frank Carrico purchased this tractor in the course of his trade or business. That * * (he) * * is generally engaged in the business of farming. That the said Frank Carrico purchased this tractor for the purpose of using the same in connection with his farming operations and to promote his business."

The defendants have filed a motion to dismiss the complaint, which raises the question of right of the Administrator to bring this action.

Section 205(e) of the Emergency Price Control Act of 1942 provides in part as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action

under this subsection on behalf of the United States."

There is no question but that the rights of the buyer and the Administrator to institute an action under this section are mutually exclusive; that is, if the buyer is entitled to sue, the Administrator has no right of action and vice versa, if the Administrator may sue, the buyer cannot.

■ Furthermore, there can be no doubt as to construction of the statute with respect as to whether the phrase "in the course of trade or business" relates to the seller or buyer. It relates solely to the buyer and his trade or business. Bowles v. Rock, D.C., 55 F.Supp. 865.

■ The question presented here is whether a farmer who purchases a tractor for use in connection with his farming operation buys such equipment "for use or consumption other than in the course of trade or business." To rephrase the language of the statute, a person who buys a commodity for use or consumption may sue for treble damages, excepting where he buys it for use or consumption in the course of trade or business, in which case, only the Administrator can sue for such damages. Consequently, unless it can be said that the farmer who buys a tractor for farming purposes purchases it for use or consumption in the course of trade and business, the farmer alone can sue and the Administrator cannot.

Despite the contrary holdings of other District Courts (Bowles, Administrator, v. Rock, 55 F.Supp. 865; Bowles v. Silverman, 57 F.Supp. 990, it is the opinion of this Court that the statutory provision reading, "the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action", permits the Administrator to sue only where the purchase is made by a purchaser whose trade or business is the buying and selling of or the dealing or trading in the commodity in question, and that it precludes the Administrator from suing if the person who buys is an ultimate consumer even though the purchased article is for use or consumption in his trade or business where such trade or business is other than the trading and dealing in the commodity purchased. In other words, the clause "other than in the course of trade or business" should be construed as though it read, "except where such purchase is made in the course of trade or business where the purchaser's business is to buy and sell or trade in such commodity." Of course, a farmer who buys a tractor for use on his farm, purchases it for use in his trade and business of farming, but he does not buy it in the course of the trade and business of buying and selling or dealing and trading in tractors. Consequently, only he can sue for treble damages and the Administrator is precluded from instituting such action.

If this were not the proper interpretation of this statute, it is difficult to imagine the circumstances that might attend the sale of an item such as a farm tractor which would permit the purchaser and not the Administrator to sue. Few tractors, if any, are sold to ultimate consumers except where they are used and consumed in the trade or business of the person buying the tractor. How many farm tractors are bought for non-utility purposes? Does this statutory provision mean that only those who buy tractors for pleasure or non-utility purposes can sue for treble damages, and that where a tractor is put to the ordinary use for which it is made, such as farming operations, the person who buys it for such purpose cannot sue and that the Administrator must institute the action?

That is the construction which must be given the statute if the Administrator is allowed to maintain this action. To do so an absurd conclusion is reached.

To further illustrate the absurdity which results by such interpretation, take, for instance, the purchase of an automobile tire in excess of the ceiling price where the purchaser uses his automobile for both pleasure and business purposes. Since, as already pointed out, it is not optional as to whether the Administrator or the purchaser has the right to sue, who, in this case can institute the action?

■■ A cardinal rule of statutory construction requires a statute to be construed so as to avoid, if possible, an absurd conclusion. In re Chapman, 166 U.S. 661, 17 S.Ct. 677, 41 L.Ed. 1154. As just pointed out, the construction contended for by the Administrator clashes with this rule. On the other hand no such result occurs if the statute is given the meaning suggested in Bowles v. Chew, D.C., 53 F.Supp. 787, 791, where the court said:

"It is clear to me that what Congress said and meant is that members of the general public who buy commodities, to use or consume themselves, may sue for treble

damages, but that tradesmen, who deal and buy and sell between themselves in the course of business, may not sue one another."

The Congressional Reports at the time of the enactment of the Emergency Price Control Act of 1942 do not elaborate upon the intent of Congress on the point in question. However, there are logical and practical reasons that are not in conflict with the language of these reports for allowing the Administrator to sue where the purchase is made in the course of trade or business, if such trade or business is the buying and selling of or trading in such commodity and for permitting the purchaser to sue if he is an ultimate consumer. To state these reasons: It is not likely that a retailer will sue his wholesaler for damages in the event he pays over-ceiling prices; furthermore, if he does not absorb the excess price but passes it on to the consumer, it would be an unjust and illogical thing to allow him nevertheless to collect treble damages from the one who sold him the goods. None of these reasons for allowing the Administrator rather than the purchaser to sue are present where the sale is to an ultimate consumer whether it is for his use and consumption in the course of his trade and business or otherwise.

The motion to dismiss is sustained.

Inasmuch as the identical question is raised in Bowles v. Feidler, No. 454 Civil; Bowles v. Celihowski, No. 455 Civil; and Bowles v. Glingle, No. 456 Civil; this opinion is the basis for sustaining the motions to dismiss filed in those cases.