**Ex parte TAYLOR.**

No. 24038—S.

District Court, N. D. California, S. D.

Jan. 8, 1945.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan, and Reynold H. Colvin, Asst. U. S. Attys., all of San Francisco, Cal., for George Vice, United States Marshal for the Northern District of California.

Walter & Brown, of Oakland, Cal., and John C. Stirrat, of San Francisco, Cal., for petitioner.

ST. SURE, District Judge

Petitioner seeks discharge from the San Francisco County Jail on a writ of habeas corpus. The Government moves to dismiss the petition.

On January 9, 1943, petitioner, an apartment house owner, was found guilty in this court by a jury on sixteen of the twenty-one counts of an information charging violations of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and Maximum Price Regulation No. 28. He was sentenced to six months' imprisonment and fined $950. On January 11, 1943, he was released on bail pending appeal to the Circuit Court of Appeals from the judgment of conviction. On April 26, 1944, 142 F.2d 808, the conviction was affirmed. On June 2 his petition for rehearing by the Circuit Court of Appeals was denied. On June 12 petitioner moved the Circuit Court of Appeals to dismiss the proceedings and for his discharge, on the ground that both the Circuit Court and this court were without jurisdiction to hear the cause. The motion was denied. On August 1, 1944, petitioner filed with the Secretary of the Office of Price Administration a protest, docketed as MR 28–31–P, pursuant to section 203 of the Act, for the purpose of obtaining a determination of the validity of the regulation claimed to have been violated by him. This proceeding is now pending. On October 9, 1944, 65 S.Ct. 56, certiorari was denied by the Supreme Court of the United States in the original criminal proceeding, and that court later denied a petition for reconsideration. On November 20 petitioner's application for recall and stay of its mandate was denied by the Circuit Court of Appeals. Since the filing of his petition for writ of habeas corpus petitioner is incarcerated at the Federal prison at McNeil Island, State of Washington, under the judgment and commitment.

Petitioner contends that unless he is permitted to test the validity of regulation No. 28 as applied to him, in a court having jurisdiction thereof, he will be denied due process of law; and he asks to be released pending the determination of the protest which he filed on August 1, 1944. He claims that his protest was timely made under section 203 of the Act, which provides that a protest may be made by a person subject to a regulation, order or price schedule at any time after the issuance thereof, and that should the Emergency Court of Appeals decide in his favor the judgment of conviction would be vacated, section 204(e) (2) of the Act, as amended June 30, 1944.

All questions of fact and law which arose in the criminal trial prior to the filing of petitioner's protest of August 1, 1944, have been determined in favor of the Government by the Circuit Court of Appeals in its opinion affirming the judgment of conviction, Taylor v. United States, 9 Cir., 142 F.2d 808, and in the subsequent proceeding before that court wherein petitioner's motion to dismiss on the ground of lack of jurisdiction was denied.

There is no merit in petitioner's contention that since he in good faith relied upon his interpretation of the regulation in question, this court deprived him of due process of law by failing to certify that fact to the Administrator. He cites section 205(d) of the Act, which provides that "no person shall be held liable for damages or penalties * * * on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act or any regulation * * * thereunder * * *. In any suit or action wherein a party relies for ground of relief or defense upon this Act or any regulation * * * thereunder, the court having jurisdiction of such suit or action shall certify such fact to the Administrator. The Administrator may intervene in any such suit or action." It is apparent from its wording that this subdivision provides immunity to one whose defense in an action against him is compliance with the Act, such as an action for unlawful detainer for failure to pay rent in excess of ceiling rentals. "It has no reference to liabilities created by the Act itself for its own violation." Bowles v. Rock, D.C., 55 F.Supp. 865, 868. If it did, there would be no need to "certify such fact to the Administrator" so that he might intervene, for the Administrator is presumably aware of the cases which his office prepares for prosecution.

The Government urges that petitioner is endeavoring to test in this habeas corpus proceeding the very question decided against him by the Emergency Court of Appeals in a direct proceeding wherein he challenged the validity of Regulation No.

28, Taylor v. Brown, Em.App., 137 F.2d 654, 656, and further that the filing of the protest of August 1, 1944, was not timely.

The questions for determination can relate only to the effect of the protest filed by petitioner after the judgment of conviction was affirmed, and are (1) whether the decision in Taylor v. Brown, supra, is res judicata of the matters raised in the protest of August 1, 1944, and (2) whether the protest was timely made, so as to entitle petitioner to a writ of habeas corpus and a stay of execution of his sentence in the criminal proceeding pending the determination of the protest.

The protest in Taylor v. Brown was filed prior to the institution of the criminal action against petitioner. In that case the Emergency Court said: "Without showing that he had been adversely affected by the regulation the complainant filed a protest against it with the Administrator setting up as grounds of protest the unconstitutionality of the regulation and of the Emergency Price Control Act of 1942 * * *. The Administrator denied the protest upon the ground that he was compelled to accept the constitutionality of the act. Thereupon the complainant filed his complaint in this court and in it, again without averring that he had been adversely affected, attacked the regulation and the act upon a broad constitutional front. We are thus called upon to consider the constitutional validity of the act and regulation generally and without regard to their particular application to the complainant." The court held that the act and regulation are constitutional. However, the salient questions raised by petitioner in his present protest arise as a result of the original criminal action. He questions the constitutionality of divesting the trial court of jurisdiction to determine the validity of the regulation which he was found to have violated. In Taylor v. Brown the provision of the Act vesting exclusive jurisdiction over the subject of the validity of such regulations and orders is discussed in passing with relation to the constitutionality of the Act as a whole, but the Emergency Court says: "We are not called upon to decide, however, whether the provisions of the act which thus deny similar jurisdiction to all other courts are constitutionally effective to do so, since even if they should be held invalid the remaining provisions of the act would not, in the light of the separability clause of Section 303, 50 U.S.C.A.Appendix § 943, be affected thereby." Petitioner also raises in his protest of August 1 the question of whether he violated the regulation, due to certain improvements furnished by him and a change in status of his apartments from furnished to unfurnished apartments. It would appear that the decision of the Emergency Court of Appeals in Taylor v. Brown is not res judicate insofar as it relates to the habeas corpus proceeding.

Petitioner claims that he "duly and timely, in good faith, filed his Protest" of August 1, 1944, under section 203 of the Act. While section 203 provides that any person affected by a regulation may file a protest at any time after the effective date of the regulation, I think it clear that it cannot be interpreted to mean that at any time after conviction of a violation of such regulation the defendant may protest its validity and ipso facto be entitled to a stay pending the determination of the protest. The information upon which petitioner was convicted was filed against him on December 11, 1942. He has been at liberty since that time to protest the validity of the regulation in the Emergency Court. In disregarding the regulation before obtaining an adjudication of its validity, he acted at his peril, for section 203 obviously contemplates that the "person affected" will abide by the regulation until his protest is favorably determined. This intention is shown by the fact that section 204(d) denies injunctive relief against the enforcement of a regulation. By a recent amendment of section 204 a procedure is afforded, with strict limitations as to time, permitting a defendant to protest the validity of the regulation with the violation of which he is charged. Section 107(b) of the Stabilization Extension Act of 1944, June 30, 1944, 50 U.S.C.A.Appendix § 924 (e). The amendment provides for a stay of proceedings within thirty days after arraignment, or such additional time as the court may allow for good cause shown, in any criminal proceeding, and within five days after judgment in any civil or criminal proceeding brought pursuant to section 205, involving an alleged violation of a regulation or order issued under the Act, to enable the defendant to file a complaint setting forth objections to the validity of any provision which he is alleged to have violated. A stay is also permitted where a valid protest under section 203 is pending prior to the institution of proceedings

against the defendant under section 205, and during the pendency of any judicial proceeding instituted by the defendant with respect to such protest. Neither of the last two situations apply to petitioner, and the provision for a time limit in the first situation shows the intention of Congress as to what would constitute a timely protest. The amendment further provides that "except as provided in this subsection, the pendency of any protest under section 203, or judicial proceeding under this section, shall not be grounds for staying any proceeding brought pursuant to section 205 * * *." I therefore conclude that by his own acts and the untimeliness of his application petitioner has waived the right to a stay pending protest. The writ will be denied and the petition dismissed.