**BOWLES, Price Administrator, v. WHAYNE et al.**

**No. 680.**

District Court, W. D. Kentucky, Louisville Division.

Feb. 8, 1945.

Raymond C. Stephenson, of Louisville, Ky., Fritz Krueger, of Mount Vernon, Ky., and Homer B. Parrent, of Louisville, Ky., for plaintiff.

Louis Seelbach and Nelson Helm, both of Louisville, Ky., for defendants.

MILLER, District Judge.

This action was brought by Chester Bowles, Price Administrator, to recover of the defendants, Roy C. Whayne and Harry T. Whayne, doing business as Roy C. Whayne Supply Company, the sum of $20,475 being treble the amount by which the sales price of a used Drag-Line machine sold by the defendants on October 4, 1943, exceeded the maximum price therefor as established by Maximum Price Regulation No. 136. The facts involved in the transaction have been stipulated and the matter is submitted upon defendants' motion for summary judgment.

Prior to October 4, 1943, Mulzer Construction Company was the owner of some coal mining properties near Chrisney, Indiana, and desired to operate said properties. The contemplated operations were what is commonly known as "strip mining," in which an over-burden of dirt is removed to expose the underlying coal. The use of a Drag-Line Machine was an efficient method of removing the over-burden and of actually taking out the coal itself. The Mulzer Construction Company had never owned such a machine, but made inquiry of the defendants at Louisville, Kentucky. The defendants did not have such a machine in stock, but shortly thereafter in early October, 1943, they learned that two such machines which had been used by W. Horace Williams Company, contractors of New Orleans, Louisiana, were for sale at Mobile, Alabama. A representative of both the Mulzer Construction Company and of the defendants

inspected the machine, following which the defendants purchased it for $17,000 and resold it to the Mulzer Construction Company for $19,750. The W. Horace Williams Company shipped the machine direct to the Mulzer Construction Company at Lamar, Indiana. It is the only machine of this type or kind which the Mulzer Construction Company has ever bought. The Mulzer Construction Company did not buy the machine for resale but on the contrary bought it to use in its business of mining coal. The machine has been operated for over a year and is the only machine or device which the Mulzer Construction Company has used for the purpose of removing the over-burden to expose the seam of coal at the mine of the Mulzer Construction Company near Chrisney, Indiana. The Mulzer Construction Company never has been in the business of buying machinery for resale.

The defendants contend that under these facts the cause of action under the Emergency Price Control Act of 1942, if there was any violation of the Maximum Price Regulation involved, existed in the purchaser, Mulzer Construction Company, and that the Price Administrator accordingly has no standing to institute and prosecute this action.

The question is controlled by the provisions of Section 205(e) of the Emergency Price Control Act of 1942, prior to its Amendment of June 30, 1944, Section 925 (e) 50 U.S.C.A.Appendix. The applicable provision reads as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. * * *" 56 Stat. 33.

The defendants contend that the phrase "other than in the course of trade or business" qualifies the words "the person who buys such commodity," and that, accordingly, if the purchase of the commodity is other than in the course of trade or business of the purchaser, he, the purchaser, has the exclusive right of action; that in this case the purchase of the Drag-Line machine was not in the course of trade or business but was for the use of the purchaser. The Administrator contends that the phrase "other than in the course of trade or business" qualifies the previous phrase "for use or consumption," and that it is only in those cases where the use of the purchased article is not in the trade or business of the purchaser that the purchaser has the right of action; that in this case the use of the Drag-Line machine was in the business of the purchaser and the cause of action was accordingly in the Administrator.

This question has been before the courts on several occasions with different results. The defendants' contention has been upheld in the following cases: Bowles v. Chew, D.C.N.D.Cal., 53 F.Supp. 787; Bowles v. Seminole Rock & Sand Co., D.C.S.D. Fla., 59 F.Supp. 751; Bowles v. Googins, Utah D.C.;[1] Lightbody v. Russell, 45 N.Y. S.2d 15.

The Administrator's contention has been upheld in the following cases: Bowles v. Rock, D.C.Neb., 55 F.Supp. 865; Bowles v. Silverman, D.C.S.D., 57 F.Supp. 990; Bowles v. Heinel Motors, Inc., D.C.E.D.Pa., 59 F.Supp. 759.

Reasons in support of each view are well set out in the two cases of Bowles v. Chew, supra, and Bowles v. Rock, supra. It is accordingly unnecessary to repeat them here.

▮▮▮▮ Although the same identical question was not in issue, the view of this Court has heretofore been expressed in the case of Bowles v. Joseph Denunzio Fruit Co., D.C.W.D.Ky., 55 F.Supp. 9, 13. In that case this Court construed the statutory provisions involved as follows: "Where a retailer sells to a purchaser for use or consumption the purchaser can sue for the damages authorized by the Act; but where a wholesaler sells to a retailer who buys for resale in the course of trade or business and not for use or consumption, such retailer has no authority to institute

---

[1] Not designated for publication.

the suit, but the right of action in such cases is vested in the Administrator." The Court adheres to that construction as being the logical and reasonable interpretation of the intent of Congress. Such construction seems to have the support of the Senate Conference Report on the Emergency Price Control Act of 1942, which is No. 931 of the 77th Congress, Second Session. It is also in conformity with the provisions of Section 4(a) of the Emergency Price Control Act of 1942, dealing with the criminal aspects of the Act, section 904(a), 50 U.S.C.A.Appendix. Section 4 is worded slightly differently from Section 205(e) and makes it plain that the phrase "in the course of trade or business" qualifies the purchase of the commodity involved. The construction contended for by the Administrator would lead to some very unreasonable results. As was pointed out by the Court in Bowles v. Googins, supra, "One example will suffice: A farmer buys himself a pair of overshoes for general use, and he wears them to irrigate his crops. If he paid over the ceiling price for them, is there any conceivable reason why the OPA should have the cause of action for the overcharge?" As is also pointed out by counsel for defendants: A carpenter buying a saw and hammer to use in his business would not have the right to sue for the price violation, but if he bought them to use for repairs at his residence, or if they were bought by a doctor, both the carpenter and the doctor would have the right to bring the action.

Defendants' motion for summary judgment is sustained.