## PROVISIONAL GOVERNMENT OF FRENCH REPUBLIC v. CABOT et al.

### BOWLES, Administrator, Office of Price Administration, v. SAME.

District Court, S. D. New York.
March 3, 1945.

Hays, St. John, Abramson & Schulman, of New York City (Arthur Garfield Hays, Alan S. Hays, James R. Cherry, and Shad Polier, all of New York City, of counsel), for plaintiff Provisional Government of the French Republic.

John D. Masterton, Regional Litigation Atty., of New York City, for plaintiff Chester Bowles, Administrator, Office of Price Administration.

Clarence U. Carruth, Jr., of New York City, for defendants.

GODDARD, District Judge.

The defendants, in separate motions, move to dismiss each of the above-entitled suits; one brought by the Provisional Government of the French Republic (hereinafter referred to as the Provisional Government); the other brought by Chester Bowles, as Price Administrator (hereinafter referred to as the Administrator). Both complaints seek to recover treble damages for alleged violations of the Emergency Price Control Act of 1942, Section 205(e), as amended by Act June 30, 1944, § 108(b, c), 50 U.S.C.A.Appendix, § 925(e). Both complaints are founded in part upon the same transactions.

The Provisional Government in its complaint alleges certain transactions in November and December, 1943, involving the purchase of new commercial motor vehicles from the defendants at prices unknown by it at the time to be in violation of maximum price regulations. It alleges that the purchases were made by the plaintiff "for use or consumption of said motor vehicles by plaintiff other than in the course of trade or business"; also that the vehicles were to be exported to the plaintiff's colonies.

The defendants move to dismiss the Provisional Government's complaint upon the ground that it fails to state a claim against the defendants upon which relief may be granted. More specifically, One—that the right to bring such action under Section 205(e) of the Emergency Price Control Act is vested exclusively in the Administrator; Two—that even if the Provisional Government originally had the right to bring an action, the prior action by the Adminis-

trator based in part upon the same transactions is a bar to the plaintiff's action under Section 205(e) of the Emergency Price Control Act, as amended by Section 108(b) of the Stabilization Act of June 30, 1944.

Section 205(e) of the Emergency Price Control Act originally allowed two classes of action. The purchaser could sue only if the purchase was made for use or consumption other than in the course of trade and business. The Administrator could sue only if the purchase was made in the course of trade and business. Neither was authorized to bring suit on the other's cause of action even though the one to whom the original right was given failed to exercise it. See Bowles v. Curtiss Candy Co., D.C., 55 F.Supp. 527; Bowles v. Chew, D.C., 53 F.Supp. 787; Alba Trading Co. v. Constants, 181 Misc. 778, 47 N.Y.S.2d 138; Bowles v. Joseph Denunzio Fruit Co., D.C., 55 F.Supp. 9; Sommer v. E. B. Kelly Co., 182 Misc. 157, 47 N.Y.S.2d 57.

The complaint alleges that the vehicles were purchased by the Provisional Government of the French Republic for exportation to its colonies and that they were bought for use and consumption other than in the course of trade and business. In view of the character and status of the plaintiff, these allegations seem sufficient to indicate that plaintiff was not buying in the course of trade or business but as a noncommercial consumer and hence possessed the right to bring this action. See Bowles, etc. v. Googins, 1 Price Control Cases No. 51,176.

Therefore, unless the provisions of Section 108(b) of the Stabilization Act of 1944 amending Section 205(e) of the Emergency Price Control Act bars the plaintiff's action, the complaint is good. The pertinent part of Section 108(b) reads—"If * * * the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation * * * the Administrator may institute such action on behalf of the United States * * *. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations."

Section 108(c) of the Stabilization Act, referring to the above amendment, states— "The amendment made by subsection (b), insofar as it relates to actions by buyers or actions which may be brought by the Administrator only after the buyer has failed to institute an action within thirty days from the occurrence of the violation, shall be applicable only with respect to violations occurring after the date of enactment of this Act."

It is apparent that the amendment allowing the Administrator to bring the action which previously could only be brought by the buyer applies only to violations occurring after the enactment of the amendment. This amendment was enacted June 30, 1944. The alleged violations occurred in November and December, 1943, at which time the Administrator had no right to bring the action; therefore, the defense that this action by the Provisional Government of the French Republic is barred because of the prior action instituted by the Administrator cannot be sustained. The motion to dismiss is denied.

The defendants move to dismiss the Administrator's complaint on the ground that the complaint fails to state a claim upon which relief may be granted against the defendants. Specifically in that Section 205(e) of the Emergency Price Control Act was not intended to place the burden of defending two actions based upon the same alleged violations upon a defendant, and that no maximum prices have been fixed for the vehicles in question. Defendants also ask that a more definite statement or a bill of particulars as to certain allegations of the complaint be granted.

The complaint alleges generally sales of motor vehicles from November 1943 to date in violation of maximum price regulations; also that not one of the transactions involved "was made to a person or persons for use or consumption other than in the course of trade or business". No facts are alleged indicating or supporting this later allegation and it is a pure conclusion of law as it now stands (See Bowles v. Rock, D.C., 55 F.Supp. 865), and as such is to be disregarded in determining whether the complaint states a claim against the defendants, for which relief may be granted. Brambir v. Cunard White Star Ltd., D.C., 37 F.Supp. 906, affirmed 2 Cir., 119 F.2d 419; Federal Life Ins. Co. v. Ettman, 8 Cir., 120 F.2d 837, certiorari denied 314 U.S. 660, 62 S.Ct. 115, 86 L.Ed. 529; Co-Operative Transit Co. v. West Penn Electric Co., D.C., 46 F.Supp. 59, affirmed 4 Cir., 132 F.2d 720, certiorari denied 318 U.S. 779, 63 S.Ct. 857, 87 L.Ed. 1147.

■ Omitting the conclusion of law, the complaint fails to state a claim for which relief may be granted. See Baldwin v. Hegeman Farms Corporation, 154 Misc. 285, 288, 277 N.Y.S. 705.

Motion to dismiss the complaint of the Provisional Government of the French Republic is denied. The motion to dismiss the Administrator's complaint is granted, with leave to amend.

Settle orders on notice.